JOURNAL ENTRY AND OPINION
The appellant, Brantley, Inc. ("Brantley"), appeals the decision of the trial court in favor of the appellee for payment due on an alleged agreement to perform work at a store front called City Books. The trial court returned a verdict in favor of the appellee, Frank Novak Sons, Inc., against the appellant in the amount of $5,500 and ten percent interest per annum from November 21, 1997. For the reasons set forth below, we affirm the decision of the trial court.
Brantley is an Ohio corporation solely owned by Lewis A. Zipkin. The company's sole interest is the owning and operation of a 35-unit apartment building located at 2378 Euclid Heights Boulevard in Cleveland Heights, Ohio. Lewis A. Zipkin, as trustee, holds title to a commercial multi-tenant property known as Courtyard on Coventry, also located in Cleveland Heights, Ohio.
The appellee contends that Andrew Goldstein, Mr. Zipkin's former stepson and at one time an employee of Brantley and Courtyard on Coventry, entered into a contract on behalf of the appellant with the appellee which provided that the appellee was to perform some work at the Courtyard on Coventry property, specifically at a storefront known as City Books. City Books is a tenant of the Courtyard on Coventry and is jointly owned by Andrew Goldstein and Steve Passov.
The appellant claims that Brantley had no knowledge of this contract and that Mr. Goldstein did not have the authority to contract for services in the name of Brantley.
At trial, the appellee argued that Mr. Goldstein was the general contractor for Courtyard on Coventry. Their belief that Mr. Goldstein was the general contractor was based in large part on two prior jobs performed by appellee, contracted by Goldstein, for the Courtyard on Coventry which were payed for by checks signed by Mr. Zipkin. Therefore, they believed that Mr. Goldstein had the apparent authority to enter into contracts on behalf of Mr. Zipkin and Brantley.
The court found that Mr. Goldstein had apparent authority and, therefore, the appellant was obligated to pay the outstanding balance. It is with this judgment that the appellant asserts the following assignments of error:
 I. THE TRIAL COURT'S VERDICT FINDING BRANTLEY INC. RESPONSIBLE FOR THE ACTIONS OF AN EMPLOYEE UNDER THE DOCTRINE OF APPARENT AUTHORITY IS CONTRARY TO LAW WHEN THE ALLEGED BASIS FOR SUCH APPLICATION WAS A DEAL INVOLVING AN ENTITY SEPARATE AND DISTINCT FROM BRANTLEY INC. AND ALL ACTIONS OF APPARENT AUTHORITY ORIGINATED FROM THE EMPLOYEE AND NOT BRANTLEY INC.
 II. THE TRIAL COURT DENIED THE APPELLANT A FAIR TRIAL BY SHOWING BIAS AGAINST THE APPELLANT THROUGH COMMENTS AND HOSTILE DEMEANOR BEFORE AND DURING TRIAL.
In appellant's first assignment of error, the appellant contends that the verdict from the trial court is against the manifest weight of the evidence. Appellant's first assignment of error is without merit.
The issue concerns whether the trial court's conclusion that the presence of apparent authority existed is against the manifest weight of the evidence presented at trial.
In regard to bench trials, It is well established that it is the role of the trial judge to determine the credibility of witnesses and the weight to be given to their testimony. The trial court has a superior opportunity to observe the witnesses. Reviewing courts will not reverse a trial court's judgment on manifest-weight-of-the-evidence grounds when its determination is supported by some competent, credible evidence going to all essential elements of the case. KP Adjusters Inc. v. Prime Commercial Credit (March 4, 1999), Cuyahoga App. No. 73931, unreported, 1999 Ohio App. LEXIS 822 at 10-11, citing Baker v. Conlan(1990),66 Ohio App.3d 454, 463, 585 N.E.2d 543 (citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus).
In order for a principal to be bound by the acts of its agent under the guidelines of apparent authority, the Supreme Court of Ohio has stated that evidence must affirmatively show:
* * *
 (1) that the principle held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority. The apparent power of an agent is to be determined by the act of the principal and not by the acts of the agent; a principle is responsible for the acts of an agent within his apparent authority only where the principle himself by his acts or conduct has clothed the agent with the appearance of the authority and not where the agent's own conduct has created the apparent authority. * * * Masters Consol. Corp. v. Bancohio National Bank (1991), 61 Ohio St.3d 570; 575 N.E.2d 817, citing Logsdon v. ABCO Constr. Co. (1956), 103 Ohio App. 233, 241-242, 3 O.O.2d 289, 293, 141 N.E.2d 216, 223; Ammerman v. Avis Rent A Car System, Inc. (1982), 7 Ohio App.3d 338, 7 OBR 436, 455 N.E.2d 1041; Blackwell v. Internatl. Union, U.A.W. (1983), 9 Ohio App.3d 179, 9 OBR 289, 458 N.E.2d 1272.
In the court's findings of fact, conclusions of law, and judgment entry, the court specifically found:
* * *
 4. At all times pertinent hereto, Andrew Goldstein (Goldstein) was an employee and an officer of Brantley, as well as an employee or managing agent of the property.
 5. On or about September 8, 1997, plaintiff presented a written proposal to Brantley for the rendering of certain painting services at the property (proposal).
 6. Prior to the proposal, plaintiff has entered into two (2) contracts with Brantley for other work at the Property, one of which was paid for with a check signed by Zipkin, which check referenced plaintiff's invoice to Brantley.
* * *
 13. Brantley and Zipkin held Goldstein out to the public, and in particular plaintiff, as possessing the authority to enter into contracts on Brantley's behalf by, among other acts, giving Goldstein the dual position of Brantley employee/officer and manager of the property, by giving him access to the property, by giving him access to Brantley letterhead, by giving him access to property architectural drawings, and by paying plaintiff's prior invoice to Brantley.
The Court therefore found in its conclusions of law:
 1. Goldstein had the actual and apparent authority to enter into binding contracts on behalf of Brantley and in particular, the authority to accept the Proposal on behalf of Brantley.
 2. Plaintiff and Brantley entered into a valid and enforceable contract.
Additionally, there was testimony at trial from Bradley Allen Pinchot, a witness for the appellee, regarding a fax sent to him on Brantley stationary accepting his proposal for work on C.D. Warehouse, a store at the Courtyard on Coventry. The fax, marked plaintiff's exhibit 3, stated: "In response to the estimates submitted via fax on June 23 and June 25, 1997, Brantley, Inc. would like to accept your proposals for the Coventry Courtyard project, specifically the paint work involved at C.D. Warehouse. * * * Sincerely, Andrew Goldstein, Brantley, Inc."
Applying the two necessary elements to the findings of facts set out by the trial court along with all the evidence presented at trial, this court finds that there was credible evidence to support the two essential elements of apparent authority.
The evidence showed that prior to the last proposal, the appellee had entered into two prior contracts for services and had been paid by Mr. Zipkin with a check referenced to appellee's invoice sent to Brantley. There was also evidence presented that Mr. Goldstein held dual positions, one with Brantley and the other as a property manager for the Courtyard on Coventry. Mr. Goldstein had access to the property where the appellee performed its services and had access to Brantley letterhead, which was used in the interaction between Mr. Goldstein and the appellee.
Further, the evidence supported the appellee's good faith basis to believe that Mr. Goldstein possessed the necessary authority to bind the appellant, Brantley. Therefore, the appellant's first assignment of error is without merit.
Appellant's second assignment of error alleges that, due to the judge's bias and hostile demeanor toward the appellant, he was denied a fair trial. Appellant's second assignment of error is without merit.
"A trial judge is presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity. Corradi v. Emmco Corp. (Feb. 15, 1996), Cuyahoga App. No. 67407, unreported, 1996 Ohio App. LEXIS 510, at 9, citing State v. Wagner (1992), 80 Ohio App.3d 88, 93, 608 N.E.2d 852; citing State v. Richard (Dec. 5, 1991), 1991 Ohio App. LEXIS 5772, Cuyahoga App. No. 61524. Bias against a party is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party. In re Adoption of Reams (1989), 52 Ohio App.3d 52, 59, 557 N.E.2d 159. Additionally, a trial judge's opinions of law, even if in error, are not to be in and of themselves evidence of bias or prejudice. In re Disqualification of Murphy (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.
The appellant argues that the trial court's comments and demeanor toward Lewis Zipkin at the start of the trial demonstrated its bias against Brantley and revealed a prejudgment of the case.
The appellant brings up an incident involving the interaction between the trial court and Mr. Zipkin. In this instance, Mr. Zipkin asked that he be allowed to sit in the jury box because he is hearing impaired. The trial court would not grant the appellant's request and commented that he would be offered an accommodation, which he was given, and then stated:
 This is a problem. I'm not going to repeat everything that I say and wear out my throat.
 I have a sore throat and I can't yell for the next three hours. So if you want to make arrangements to have someone sit with you, there's electronic equipment that you can purchase or rent that will transcribe, you can have court reporters transcribe it if you're hearing impaired. There are other arrangements you can make if you've got a problem.
Do you want time to make arrangements?
Additionally, the appellant argues bias based on comments made by the trial court to Mr. Zipkin when he objected to material offered as evidence by the appellee that had not been given to him until days before trial. The court stated:
 I can see where you'd have a problem with this claiming that you've lost all your own documents for Brantley, Incorporated, but the objection is denied.
The actions of the trial court do not undermine the presumption of integrity that each trial judge possesses. The comments made to Mr. Zipkin, while they may appear harsh, do not contain bias or prejudice toward the parties. Appellant's second assignment of error is, therefore, without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ FRANK D. CELEBREZZE, JR., J.
PATRICIA A. BLACKMON, P.J., CONCURS, JAMES J. SWEENEY, J., CONCURS.