JOURNAL ENTRY and OPINION
This is an action by plaintiffs Shawn and Kelly Grice, the buyers of a house, against the seller, defendant Dianne Marks, claiming that defendant either concealed or failed to mention the existence of water leakage in the house. The court granted defendant's Civ.R. 12(B)(6) motion to dismiss, and the sole assignment of error contests that dismissal.
A Civ.R. 12(B)(6) dismissal tests the legal sufficiency of a complaint, not the factual allegations that support the complaint. Because of this, we are obliged to view the allegations of the complaint as true, as well as make every reasonable inference in plaintiff's favor. Greeley v. Miami Valley Maintenance Constr., Inc.(1990),49 Ohio St.3d 228; Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192.
The amended complaint alleges that defendant signed a residential disclosure form. The complaint goes on to allege:
 6. On Item D of the disclosure statement, the Defendant denied having knowledge of any current water leakage, water accumulation, excess dampness or other defects with the basement/crawl space. On Item E of the disclosure statement, the Defendant denied having any knowledge of any movement, shifting, deterioration, material cracks (other than visible minor cracks or blemishes) or other material problems with the foundation, floors, or interior/exterior walls. ***
 7. Shortly after moving into the property, the Plaintiffs began to experience problems related to, and culminating in, a severely leaking basement, which were a result of the undisclosed defects in the property.
 8. Due to the aforementioned defects, the basement required extensive repair work.
 9. The Defendant failed to disclose the aforementioned defects despite having knowledge of the same.
The following four causes of action are pleaded: fraud, breach of contract, breach of warranty and mutual mistake of fact.
The court erred by dismissing the action. The quoted allegations of the complaint sufficiently state claims for all causes of action. In her motion to dismiss, defendant maintained that the allegation of a concealed defect was not adequate for stating a fraud claim since fraud must be pleaded with particularity. See Civ.R. 9(B). However, a claim of fraud need only be pleaded with the particularity needed to give sufficient notice of the claim against a party. In Baker v. Conlon (1990), 66 Ohio App.3d 454, 458, the court stated:
 The underlying determination in each case is whether the allegation is specific enough to inform the defendant of the act of which the plaintiff complains, and to enable the defendant to prepare an effective response and defense. The "circumstances constituting fraud" to which Civ.R. 9(B) refers normally include the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud. (Citations omitted.)
Plaintiffs' complaint gave sufficient notice that the fraud claim was grounded on the representation in the residential disclosure statement that defendant was unaware of any current leakage or water accumulation the inference being that water accumulation in the basement so soon after consummating the sale of the house created an inference that a leakage problem existed at the time of sale and defendant knew of that leakage. This is a valid claim for relief. It was not incumbent upon plaintiffs to allege the cause of leakage at the time they filed the complaint. This was a factual issue to be tested by either a motion for summary judgment or trial if necessary it was not a pleading issue.
The remaining claims for relief are likewise legally sufficient to withstand a Civ.R. 12(B)(6) motion. We note that defendant did not make any specific argument going to these counts, other than to maintain they are based on the same illusory defect. Since plaintiffs adequately alleged that the defect was leakage, these counts also pass muster. The assigned error is sustained.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and TERRENCE O'DONNELL, J., CONCUR.