JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Riser Foods Company, appeals the findings of fact and conclusions of law determined by the trial court in the final judgment entry rendered in favor of the appellees, Miles Food Center, et al. For the reasons set forth below, we affirm the decision of the trial court.
{¶ 2} The appellant, Riser Foods Company (hereinafter "Riser"), is a wholesale distributor of grocery products to grocery stores in the northern Ohio area. The appellees, Miles Management Corporation, dba Miles Food Center, (hereinafter "Miles Management") operate a local supermarket. Miles Management has been in business since its incorporation in 1992. Prior to 1992, the supermarket was operated by Miles Savmor, Inc. The only contract that existed between Riser and the supermarket was a credit agreement dated December 1987 between American Seaway Foods, Miles Savmor, and Tom Savoca.
{¶ 3} Riser's cause of action centered around a claim against Miles Management for failure to pay an open account for merchandise supplied by Riser to Miles Management in the amount of $33,322.35, excluding yet-to-be-determined late charges, interest, other unpaid food invoices, and attorney fees. Riser's complaint further alleged breach of contract, unjust enrichment, guaranty, and piercing the corporate veil. At the conclusion of Riser's case-in-chief, the trial court allowed it to amend its complaint to include Miles Management, the proper party to the action.
{¶ 4} The claims raised by Riser were tried before the bench on June 4, 2001. At trial, Riser called Robert Schickler, the corporate credit manager for Giant Eagle Inc., the current owner of Riser. Schickler discussed the company's use of account histories and accounting procedures whereby customers receive statements for the outstanding amounts due on their account; once those amounts are paid by the customer, the amounts are cleared off the current account and reflected in the customer's history. Riser introduced into evidence through Schickler a computer-generated customer statement detailing the history of the account balances and payments made by Miles Management. This customer statement listed an outstanding balance of $33,322.35 due from Miles Management; however, Riser never produced any of the signed receipts, which they possessed on microfiche, for all of the deliveries made to Miles Management confirming the actual shipment of the goods or any of the invoices showing the amounts charged for the items.
{¶ 5} Miles Management called Salvatore Onorato, its secretary-treasurer, as a witness. Onorato stated that he had been dealing with Riser for many years, and there were never any problems with the accounting until Riser changed their computer accounting system. From that point on, there were continued difficulties with alleged outstanding balances or the failure to reimburse for shipments not received in total. On September 9, 1998, Schickler sent a letter to Miles Management apologizing for any setbacks they had experienced with the new billing system. Onorato testified that he had spent many hours trying to work out the discrepancies in the invoices he began receiving from Riser for the outstanding balances. The end result was that Miles Management stopped doing business with Riser in September or October of 1999. Onorato identified all of the checks sent to Riser over the time period in question, which Schickler conceded they had received and deposited. The total amount sent to Riser from Miles Management as presented at trial was $1,402,980.06; however, the amount listed in the customer history, as prepared by Riser, listed the total amount of money received from Miles Management as $1,351,119.08. Schickler was unable to explain the discrepancy.
{¶ 6} Miles Management then moved for a directed verdict regarding all of the listed defendants in the complaint, including Miles Food Center, Salvatore Onorato, Tom Savoca, and the newly added party, Miles Management. The trial court granted a directed verdict toward Salvatore Onorato and Tom Savoca because there was no evidence presented that they should be held personally liable for any outstanding account balance and, therefore, did not receive any type of unjust enrichment. The trial court, however, denied the directed verdict as to the newly-added party, Miles Management.
{¶ 7} Both parties then recalled their witnesses for rebuttal and then rested. At the conclusion of the trial, the trial court rendered judgment in favor of Miles Management, dba Miles Food Center. Riser now appeals the decision of the trial court and asserts the following sole assignment of error:
 {¶ 8} T HE VERDICT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 9} We find this assignment of error to be without merit.
{¶ 10} In regard to bench trials, "[i]t is well established that it is the role of the trial judge to determine the credibility of witnesses and the weight to be given to their testimony. The trial court has a superior opportunity to observe the witnesses. Reviewing courts will not reverse a trial court's judgment on manifest-weight-of-the-evidence grounds when its determination is supported by some competent, credible evidence going to all essential elements of the case." KP Adjusters, Inc. v. Prime Commercial Credit
(Mar. 4, 1999), Cuyahoga App. No. 73931, 1999 Ohio App. Lexis 822 at 10-11, citing Baker v. Conlan (1990), 66 Ohio App.3d 454, 463,585 N.E.2d 543, citing C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
{¶ 11} In the court's findings of fact, conclusions of law, and judgment entry, the court specifically found:
 {¶ 12} 1. Plaintiff is a wholesale distributor of grocery products. Transcript of Proceedings of January 4, 2001 (hereinafter Tr) 10. Defendant, Miles Management Corporation (hereinafter "Miles Management"), operates a local supermarket. Tr. 12.
{¶ 13} * * *
 {¶ 14} 5. Over the years, Miles Management had purchased food products from plaintiff on an informal basis. No written contracts existed between these parties. Although a Seaway Credit Agreement dated December 7, 1997 was offered into evidence, this contract was between American Seaway Food, Miles Savmor, and Savoca. Miles Management did not exist in 1987. Tr. 73-74.
 {¶ 15} 6. Plaintiff's claim against Miles Management was based upon a computer-generated Customer Statement Detail prepared by plaintiff's staff. Plaintiff's Exhibit D. Plaintiff never produced any of the receipts which would have confirmed which goods were actually shipped to Miles Management. Tr. 37. Plaintiff also did not submit any of the invoices showing the amounts charged for these items. Tr. 39. Schickler testified that he left the invoices in his office. Tr. 39.
 {¶ 16} * * *
 {¶ 17} 9. Onorato identified Defendant's Exhibit 2, which was all of the checks that had been issued to Plaintiff on or after August 25, 1998. Tr. 86. These fifty-two (52) checks totaled $1,402,980.06. Tr. 86. Schickler conceded that Plaintiff received and deposited all of theses payments. Tr. 149.
 {¶ 18} 10. * * * The fifty-six (56) page Customer History through January 12, 2000 that was prepared by Plaintiff did not specify the check numbers that had been received. Defendant's Exhibit 4. Plaintiff never explained the discrepancy between the checks Miles Management produced totaling $1,402,980.06 (Defendant's Exhibit 2) and the balance Plaintiff's accounting system reflected as received during this period of $1,351,119.08 (Defendant's Exhibit 4).
{¶ 19} * * *
{¶ 20} The Court therefore found in its conclusions of law:
 {¶ 21} 14. No evidence was presented at trial that would have justified holding Onorato and Savoca personally liable upon any of Plaintiff's claims. Additionally, Miles Food Center was never shown to be a valid entity. Consequently, directed verdicts were granted in favor of these Defendants.
 {¶ 22} 15. Having weighed the evidence and assessed the credibility of the witnesses, this court concludes that Plaintiff has failed to prove a claim against Miles Management by a preponderance of the evidence for breach of contract, unjust enrichment, or any other legal theory. The testimony and exhibits offered by plaintiff to support the debt allegedly due were unconvincing. For reasons that were never explained, Plaintiff did not produce receipts or invoices which would have allowed the Court to determine what was sold to Miles Management, the prices that were charged, the dates the goods were received, and the interest fees and late charges that were thereafter imposed. More significantly, Plaintiff was unable to explain the substantial discrepancy between the canceled checks Miles Management produced (Defendant's Exhibit 2) and the amount claimed to have been received in Plaintiff's Customer History (Defendant's Exhibit 4).
{¶ 23} The testimony and exhibits offered by the appellant to support its claim were not convincing. In addition, the record shows a total absence of any evidence to suggest that either of the two individual appellees should be held personally responsible for what has been found to be an unestablished debt. After reviewing all of the evidence presented at the trial court, this court finds that there was competent and credible evidence to support the trial court's conclusions that the appellant failed to prove its claim.
{¶ 24} In addition, the appellant maintains that nowhere in the court's judgment entry is there any reference to the unjust enrichment claim raised in its complaint. Appellant's contentions are without merit. Even though the trial court specifically denied the appellant's claim for unjust enrichment in its conclusion of law No. 15, we will review the trial court's determination.
{¶ 25} In order to recover under a theory of unjust enrichment, the plaintiff must prove two elements:
 {¶ 26} (1) the plaintiff conferred a benefit on the defendant;
 {¶ 27} (2) the defendant had knowledge of the benefit; and the defendant retained the benefit under circumstances where it would be unjust for him to retain that benefit without payment.
Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183.
{¶ 28} In the case sub judice, Riser has failed to present credible evidence to suggest that Miles Management was conferred a benefit. The evidence presented by Riser to argue an outstanding account balance was not convincing because of several inaccuracies in the produced evidence. The trial court was more convinced by the testimony of Onorato, Miles Management's secretary-treasurer, which suggests an overpayment rather than an underpayment by Miles Management to Riser. Riser failed to enter into evidence the invoices of each shipment to the supermarket or the signed receipts that would help to demonstrate a benefit conferred to the appellees. In addition, Riser was unable to explain the difference between the record of total payments received from Miles Management, in the amount of $1,351,119.08, and the checks Miles Management issued to Riser totaling $1,402,980.06. By failing to prove a benefit conferred to Miles Management, Riser cannot satisfy the first element needed in order to establish a claim for unjust enrichment. Therefore, appellant's contentions are without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND DIANE KARPINSKI, J., CONCUR.