[Cite as *Coleman v. Galati*, 2017-Ohio-8034.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RANDOLPH COLEMAN, ET AL. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2017CA00026 |
| GREGORY GALATI, ET AL. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No. 2016CV01430

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     September 29, 2017

APPEARANCES:

Plaintiffs-Appellants     Defendants-Appellees

DANIEL S. WHITE     GORDON D. WOOLBERT, II.
34 Parmelee Drive     MICHELLE R. REESE
Hudson, Ohio 44236     Day Ketterer Ltd.
     200 Market Ave, North - Suite 300
     Canton, Ohio 44702

*Hoffman, J.*

**{¶1}** Plaintiffs-appellants Randolph and Joyce Coleman appeal the January 13, 2017 summary judgment of the Stark County Common Pleas Court dismissing their complaint for fraudulent inducement, fraud, and mutual mistake of fact against Defendants-appellees Gregory Galati and Elisa Keller.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On October 4, 2012, Appellees, who are siblings, inherited a home located at 1706 Harwick St., NW, in Canton, Ohio, by transfer-on-death deed from their mother. The property was vacant beginning in September of 2012.

**{¶3}** Appellants entered into a Purchase Agreement for the home with Appellees on November 5, 2014. The contract period was extended due to Appellants' difficulties obtaining financing, and Appellants did not take possession of the home until May 18, 2015. Appellants never communicated with Appellees directly, and communicated exclusively to Jen Mucci, the real estate agent serving as dual agent for the buyers and sellers in the transaction.

**{¶4}** The Purchase Agreement included an "as is" clause. Further, because Appellees did not reside in the home within the year preceding the sale, they did not complete a Residential Property Disclosure Form. Jen Mucci wrote on the top of each page of the form, "Sellers do not live in property." The disclosure form was initialed by all parties. Appellants waived a general inspection of the home. Appellants had the home inspected for wood destroying insects, and also had the HVAC, electric, and plumbing systems inspected.

{¶5} When Appellants entered the home after closing, their granddaughter discovered water in the basement. Appellant Joyce Coleman discovered the area around the back basement wall was soaked. A few days later after a rain storm, Appellants found water running down the walls and through the windows in the basement. A carpet installer later pulled back the thick carpet installed in the basement, and found mold build-up on the underside of the carpet. Mold was also discovered on the basement wall.

{¶6} Appellant Joyce Coleman suffers from allergic rhinitis and a compromised immune system. She is allergic to mold. Appellants visited the home several times from November of 2014 through January of 2015. In January of 2015, Appellant Joyce Coleman began having severe nosebleeds. She received nasal packing two or three times, and was cauterized fifteen times.

{¶7} Appellants filed the instant action for fraud in the inducement, fraud, and mutual mistake of fact on June 20, 2016. They sought damages as well as rescission of the purchase agreement.

{¶8} Appellees moved for summary judgment. In support of their motion, they filed the affidavits of Jen Mucci and Appellee Elisa Keller. In her affidavit, Jen Mucci averred as a result of Joyce Coleman's disclosure of her sensitivity to odors, she pointed out mold issues around the chimney during several visits to the property. Elisa Keller attested she and her brother only learned about alleged moisture issues when Appellants filed the instant action.

{¶9} In response, Appellants filed their own affidavits, in which they averred they asked Mucci if there were water problems in the home, and she showed them only a water problem in the garage. They attested Mucci told them there were no problems with

water damage, intrusion, or flooding. They further attested she never mentioned mold and did not point out mold in the home.

**{¶10}** The trial court granted the motion for summary judgment on all counts, dismissing the complaint. The court found Appellants arguments for fraudulent inducement and fraud, based on Appellees' failure to disclose water and mold issues on the Residential Property Disclosure Form, to be without merit because Appellees had no duty to complete the form pursuant to R.C. 5302.30(B)(2)(n). The court found no mutual mistake of fact because Appellants were negligent in failing to conduct an inspection of the property. The court further found Appellants' claims barred by the "as is" clause in the Purchase Agreement and by the doctrine of caveat emptor. Appellants prosecute their appeal from this January 13, 2017 judgment of the court, assigning a single error:

**{¶11}** "THE TRIAL COURT'S DECISION TO GRANT THE APPELEES' MOTION FOR SUMMARY JUDGMENT CONSTITUTES REVERSIBLE ERROR."

**{¶12}** Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. The rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 1996–Ohio–211:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party

against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

**{¶13}** As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

**{¶14}** As explained by this court in *Leech v. Schumaker*, 5th Dist. Richland No. 15CA56, 2015–Ohio–4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * *a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving

party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

**{¶15}** Fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, omission of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko*, Inc., 10 Ohio St.3d 167, 462 N.E.2d 407(1984). In all averments of fraud, the circumstances constituting fraud must be stated with particularity. Civ.R. 9(B).

There are usually three reasons cited for the requirement of particularity. First, particularity is required to protect defendants from the potential harm to their reputations which may attend general accusations of acts involving moral turpitude. Second, particularity ensures that the obligations are concrete and specific so as to provide defendants notice of what conduct is being challenged. Finally, the particularity requirement inhibits the filing of complaints as a pretext for discovery of unknown wrongs." *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 4, 531 N.E.2d 318. Typically, the requirement of particularity includes "the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud." *Baker v. Conlan* (1990), 66 Ohio App.3d 454, 458, 585 N.E.2d 543.

*Carter–Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 433, 725 N.E.2d 330(10th Dist. Franklin 1999).

{¶16} A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. "The fraud relates not to the nature or purport of the [contract], but to the facts inducing its execution * * *." *Haller v. Borror Corp.*, 50 Ohio St.3d 10, 14, 552 N.E.2d 207(1990). In order to prove fraud in the inducement, a plaintiff must prove the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and the plaintiff relied upon that misrepresentation to his or her detriment. *ABM Farms v. Woods*, 81 Ohio St.3d 498, 502, 692 N.E.2d 574(1998).

**{¶17}** Appellants argue Jen Mucci knew of mold in the house yet failed to disclose its existence, the water and mold issues in the basement developed over time and Appellees therefore should have been aware of their existence, and Appellees undertook repairs to hide the existence of water damage in the basement and to cover the smell of dampness and mold. However, they failed to plead these actions as fraudulent in their complaint. Appellants' particular allegations of fraud in the inducement as required to be pled by Civ. R. 9(B) are stated in paragraph 4 of the complaint:

For the purpose of inducing the Plaintiffs' purchase of the above-described property, the Defendants failed to acknowledge to the Plaintiffs problems concerning the property. Specifically the Defendants failed to acknowledge the following: On Item D of the disclosure statement, having any knowledge of "any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement, or crawl space." The Defendants further failed to acknowledge having any knowledge of "any water or moisture related damage to floors, walls or ceilings as a result of flooding; moisture seepage; moisture condensation; ice damming; sewer overflow/backup; or leaking pipes, plumbing fixtures, or appliances." On Item E of the disclosure statement, the Defendants failed to acknowledge having any knowledge of "any previous or current movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl

space, floors, or interior/exterior walls." On Item K of the disclosure statement, the Defendants failed to acknowledge having any knowledge of "any previous or current flooding, drainage, settling or grading or erosion problems affecting the property."

{¶18} Appellants' particular allegations of fraud in Count Two of the complaint are set forth in paragraph 15:

On Item D of the disclosure statement, the Defendants failed to acknowledge any knowledge of "any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement, or crawl space." The Defendants further failed to acknowledge having any knowledge of "any water or moisture related damage to floors, walls or ceilings as a result of flooding; moisture seepage; moisture condensation; ice damming; sewer overflow/backup; or leaking pipes, plumbing fixtures, or appliances." On Item E of the disclosure statement, the Defendants failed to acknowledge having any knowledge of "any previous or current movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl space, floors, or interior/exterior walls." On Item K of the disclosure statement, the Defendants failed to acknowledge having any

knowledge of "any previous or current flooding, drainage, settling or grading or erosion problems affecting the property."

**{¶19}** Appellants' claims for fraud and fraud in the inducement were therefore wholly predicated on the failure to disclose water problems with the house in the disclosure statement.   Because Civ. R. 9(B) requires fraud to be pled with particularity, Appellants cannot at this juncture raise other claims of fraud which they failed to set forth in their complaint.  *See, e.g., Mar Jul LLC v. Hurst,* 4th Dist. Washington No. 12CA6, 2013-Ohio-479, ¶42; *Goddard v. Stabile,* 185 Ohio App.3d 485, 924 N.E.2d 868, 2009 - Ohio- 6375 (11th Dist. Trumbull); *Barnes v. Res. Energy Exploration,* 7th Dist. Belmont No. 14 BE 0013, 2016-Ohio-4805, ¶25.

**{¶20}** Because Appellees did not reside in the home within the year preceding the sale, they did not complete a Residential Property Disclosure Form.  Jen Mucci wrote on the top of each page of the form, "Sellers do not live in property."  Appellees had no duty to complete the form pursuant to R.C. 5302.30(B), which provides in pertinent part:

> (B)(1) Except as provided in division (B)(2) of this section, this section applies to any transfer of residential real property that occurs on or after July 1, 1993, by sale, land installment contract, lease with option to purchase, exchange, or lease for a term of ninety-nine years and renewable forever. For purposes of this section, a transfer occurs when the initial contract for transfer is executed, regardless of when legal title is transferred,

and references in this section to transfer offers and transfer agreements refer to offers and agreements in respect of the initial contract for transfer.

(2) This section does not apply to any transfer of residential real property that is any of the following:

(n) A transfer from a transferor who both has not occupied the property as a personal residence within one year immediately prior to the transfer and has acquired the property through inheritance or devise.

{¶21} Appellee Elisa Keller's affidavit avers she and her brother, Appellee Gregory Galati, inherited the home via a transfer-on-death deed from their mother, and neither of them lived on the property during the one year period preceding the sale. Keller Affidavit, ¶¶2,13. This evidence is undisputed. The trial court therefore did not err in entering summary judgment on Appellants' claims for fraud and fraud in the inducement which were predicated on Appellees' failure to acknowledge items in the Residential Property Disclosure Form, as they were exempt by statute from filling out the form.

{¶22} Appellants' claim for mutual mistake of fact is based on Appellees' failure to acknowledge the items cited above in the Residential Property Disclosure Form.

{¶23} In *Reilley v. Richards*, the Ohio Supreme Court held the doctrine of mutual mistake entitles a buyer to rescission of a real estate purchase contract where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake. 69 Ohio St.3d 352, 352–353, 1994–Ohio–528, 632 N.E.2d 507 (1994). A mistake is material to a contract when it is "a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on

the agreed exchange of performances." *Id.*, citing 1 Restatement of the Law 2d, Contracts (1981) 385, Mistake, Section 152(1). Further, "the intention of the parties must have been frustrated by the mutual mistake." *Id.*

{¶24} There was no evidence presented to demonstrate the parties were mutually mistaken at the time they entered the purchase agreement as to the existence of water problems and/or mold in the basement, or such mistake was material to the agreement. Appellants initialed the disclosure form, which Appellees failed to complete pursuant to R.C. 5302.30, and which stated on the top of each page, "Sellers do not live in property." Appellants did not conduct a general home inspection nor an inspection for water intrusion and mold, although they conducted other inspections on the home.

{¶25} Appellants signed the purchase agreement which included an "as is" clause. Summary judgment is appropriate on a claim for mutual mistake of fact concerning water intrusion in a basement where the buyer was afforded an opportunity for a general inspection and purchased the property subject to an "as is" clause. See *Novotny v. Fierle,* 11th Dist. Lake No. 2011-L-148, 2012-Ohio-4007, ¶29, citing *Wallington v. Hageman*, 8th Dist. Cuyahoga No. 94763, 2010–Ohio–6181, ¶27 (buyers who signed "as is" clause "cannot argue absence of water problems in the basement was a basic assumption upon the contract was made). The trial court did not err in granting summary judgment on Appellants' claim for mutual mistake of fact.

{¶26}  The assignment of error is overruled.  The judgment of the Stark County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, Earle, J. concur