**LAGONDA NATIONAL BANK OF SPRINGFIELD, Plaintiff-Appellee, v. ROBNETT et, Defendant-Appellee and HERR, Defendant-Appellant.**

Ohio Appeals, Second District, Clarke County.

No. 536.   Decided January 25, 1957.

Arthur J. Todd, Keifer & Keifer, Springfield, for plaintiff-appellee.
Durfey, Martin, Browne & Hull, Springfield, for defendant-appellees. (Frieds)
George C. Collins, Lawrence E. Laybourne, Springfield, for defendant-appellant.

## OPINION

By THE COURT:

Submitted on motion of appellee to dismiss the appeal on three grounds:

**First**: No notice of appeal was filed within the required time.

**Second**: No separate appeal was allowed and no penalty and bond therefor was fixed as required by the statute. (Sec. 2505.15 R. C.)

**Third**: No appeal bond was filed herein as required by law.

The first ground of the motion will be overruled. Under the statute now applicable, §2321.17 R. C., a motion for new trial was appropriate in this case and the time within which the notice of appeal should be filed, dated from the overruling of the motion for new trial. (A) **Sec. 2505.07 R. C. In re: Estate of McKitterick, 94 Oh Ap 373; Duemer v. Duemer, 86 Oh Ap 192 and Roscoe v. Kolb, 93 Oh Ap 352.**

We consider the second and third assignments together. **Sec. 2505.15**

R. C., would not justify the sustaining of the motion to dismiss if the bond, as executed, substantially conformed to the statute, §2505.14 R. C.

The third branch of the motion is predicated upon the claim that the bond is defective in that no amount thereof had been fixed by the court as required by §§2505.06 and 2505.09 R. C. Also was defective in that no order of the court had been made directing to whom the bond should be given, as provided in §§2505.06, 2505.09, and particularly, §2505.14 R. C. In support of this branch of the motion, the cases of **Liberal Market v. Main-Nottingham, 97 Oh Ap 464** and **Mullins v. Webb, 25 Oh Ap 352**, are cited.

In connection with the third branch of the motion, it should be stated that appellant has moved the court to permit an amendment to the bond by inserting therein as the obligee the name of the appellee Lagonda National Bank of Springfild.

An examination of the files discloses that on November 16, 1956, appellant filed her notice of appeal on questions of law and fact. On November 24, 1956, an entry was filed in the trial court reciting that the defendant, Nettie L. Herr, had filed her notice of appeal and provided:

"That the defendant, Nettie L. Herr, execute and file bond in the sum of five hundred dollars with surety thereon to the approval of the Clerk of this Court."

The bond is complete in form and amount except that it does not carry the name of the obligee, Lagonda National Bank of Springfield. It was approved by the Clerk of Courts. So that the sole question is whether or not the bond as tendered and approved by the Clerk of Courts conforms to the statute and this court may grant the motion to amend.

The statute, §2505.09 R. C., in terms, provides that the supersedeas bond be executed by the appellant to the adverse party. The entry ordering the bond by reason of the notice of appeal on questions of law and fact implied that it be executed in favor of the adverse party which the entry recites was the successful party.

Nor does it necessarily appear that the intent of appellant is so distinct from that of all others in the suit to bring it exclusively under the provision of §2505.15 R. C. The principal claim of appellaut is predicated on an easement, but by her answer she denies specifically that plaintiff is the owner and in possession of the real estate described in the petition and denies generally plaintiff's allegations respecting the rights of defendants Robnett and Tomlinson. The failure of defendants other than appellant to appeal would not remove from consideration on appeal the issue drawn by the answer as well as by the cross-petition of appellant.

The case of **Austin, et al v. Morris, et al, 103 Oh St 449**, in both branches of the syllabus supports the claim that appellant has the right to amend the bond in the particular requested.

The case of **Liberal Market v. Main-Nottingham, 97 Oh Ap 464**, by this court, is distinguishable from the instant case in that no proper bond, in form, had been filed in the trial court within the time provided

by statute. The observation in the opinion at page 468 should be read in the light of the factual development in that case. We said:

"This court has no power to permit the appellant to change, renew, amend or give a new bond in this case, since the time limit within which a proper bond many be filed has long since expired. See Mullins v. Webb, supra. at page 355, and **Main v. Cummins Wild West Exhibition Co., 84 Oh St 462, 95 N. E. 1151.**"

A full consideration of all of the language of the bond in probability would authorize a recovery thereon by the Lagonda National Bank of Springfield, Ohio, without amendment. It recites that the judgment and decree was rendered against Nettie L. Herr in favor of the bank and it further provides that the principal and surety:

"Shall abide and perform the order and judgment of said Court of Appeals, and shall pay all money, costs and damages, which may be required of or awarded against Nettie L. Herr by said Court of Appeals."

It is apparent from the tenor of the instrument that it is made in favor of and to protect the bank and the amendment would not be such a departure from its effect as to constitute a new and different bond.

The second and third branches of the motion to dismiss will be overruled, and the motion of appellant to amend will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.