OPINION *Page 2 
{¶ 1} Plaintiffs-Appellants Olan and Terry Bidlack ("Appellants") appeal from the May 31, 2007 Decision and Judgment Entry of the Court of Common Pleas, Paulding County, Ohio, granting Defendant-Appellee Cinda Hubert et al.'s ("Appellees") motion for summary judgment and dismissing Appellants' complaint with prejudice.
 {¶ 2} Olan Bidlack is the father of Terry Bidlack, Cinda Hubert, Ronald Bidlack, Stephanie Cox, and Kathy Rippetoe. Prior to July of 1989, Olan was the fee simple owner of approximately 40 acres of real estate located in Brown Township, Paulding County, Ohio. Additionally, prior to 1989 Olan gave his son Terry permission to use part of this real estate, including the right to put up and live in a mobile home on the property.
 {¶ 3} Sometime during 1989, Olan met with his attorney and authorized him to prepare a deed, which conveyed 2.38 acres of the real estate (also known as "the woods") located at 7187 Road 209, Oakwood, Ohio to his son, Terry. Specifically, this deed conveyed a life estate interest to Terry with the remainder interest to Terry's children, Seth and Eric Bidlack. This deed was signed and authorized by Olan and filed with the Paulding County Recorder's Office on July 26, 1989. (See Exhibits D and E as attached to the Deposition of Olan Bidlack, February 19, 2007). Terry then began using portions of the property that had been *Page 3 
conveyed to him by Olan. Terry also began using portions of the property outside of the boundaries described in the July 26, 1989 deed with Olan's permission.
 {¶ 4} In November of 1998 Olan instructed his attorney to prepare and file a warranty deed for the real estate located at 23775 Road 86, Oakwood, Ohio, reserving a life interest for himself and granting a remainder interest to the Appellees in the remainder of the property.[1] This deed was signed by Olan on November 10, 1998 and recorded with the Paulding County Recorder's Office on November 12, 1998. (See Exhibit A as attached to Olan's Deposition).
 {¶ 5} At some point within the last three years, Terry approached Olan and stated that he did not have enough land. This was done after Terry had constructed various buildings outside of the deeded property. Olan apparently noticed a problem with the 1989 and 1998 deeds and attempted to have these conveyances reversed. Specifically, in 2005 Olan sought to have his will redone and discovered that his property located at 23775 Road 86, Oakwood, Ohio had not been placed into a trust as he apparently had wanted. Olan attempted to have his children sign the property back over to him.[2] However, Appellees refused to reconvey the real estate and Appellants commenced this action. *Page 4 
 {¶ 6} On July 5, 2006 Appellants filed a complaint in the Paulding County Court of Common Pleas seeking to invalidate the 1998 deed from Olan to the Appellees. In their "second claim for relief Appellants alleged that the Appellees "conspired and engaged in fraud to deprive Olan of his property." Specifically, Appellants claimed that the Appellees "knowingly defrauded Olan Bidlack, by unduly inducing him to grant to them remainder interests in the property located at 23775 Road 86, Oakwood, Ohio" when Olan planned to place this property into a trust.
 {¶ 7} In their "fourth claim for relief Appellants alleged that Terry Bidlack was "the owner an/or entitled to possession of the property located at 7187 Road 209, Oakwood, Ohio and the woods at the same location" based upon the doctrine of adverse possession. Thus, Appellants sought a declaration that the title to this property was vested in Terry alone and that the Appellees be declared to have no estate, right, title, or interest in this property and be forever enjoined from asserting the same adverse to Terry.
 {¶ 8} On August 23, 2006 Appellees filed an answer and affirmative defenses to Appellants' complaint. For their affirmative defenses, Appellees asserted that Appellants' complaint failed to state a cause of action upon which relief could be granted, that Appellants were barred by the relevant statutes of *Page 5 
limitations as related to the various causes of actions, and that Appellants were barred by the doctrines of laches and equitable estoppel.
 {¶ 9} This matter proceeded through discovery and on April 20, 2007 Appellees filed a motion for summary judgment. Appellants filed a response on May 4, 2007. On May 31, 2007 the trial court entered a Decision and Judgment Entry granting Appellees' motion for summary judgment and dismissing Appellants' complaint with prejudice.
 {¶ 10} Appellants now appeal, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT.
 {¶ 11} In their sole assignment of error, Appellants contend that the trial court erred by granting summary judgment in favor of Appellees because sufficient evidence was presented to create a genuine issue of material fact as to the allegations of fraud perpetrated by Appellees and the allegation that Appellant Terry Bidlack had, by adverse possession, properly acquired ownership and possession of the property located at 7187 Road 209, Oakwood, Ohio.
 {¶ 12} An appellate court reviews a grant of summary judgment independently, and without any deference to the trial court.Conley-Slowinski v. Superior Spinning Stamping Co. (1998),128 Ohio App.3d 360, 363, 714 N.E.2d 991. The standard of review for a grant of summary judgment is de novo. Hasenfratz v. Warnement 3rd
Dist. No. 1-06-03, 2006-Ohio-2797 citing Lorain *Page 6 Nat'l. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,572 N.E.2d 198. A grant of summary judgment will be affirmed only when the requirements of Civ.R.56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R.56(C); see Horton v. Harwich Chem. Corp. (1995), 73 Ohio St.3d 679,653 N.E.2d 1196, paragraph three of the syllabus. Additionally, Civ.R. 56(C) mandates that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
 {¶ 13} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 116, 526 N.E.2d 798. The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. Dresher v. Burt (1996),75 Ohio St.3d 280, 292, 662 N.E.2d 264. Once the moving party demonstrates that he is entitled to summary *Page 7 
judgment, the burden shifts to the non-moving party to produce evidence on any issue which that party bears the burden of production at trial. See Civ.R.56(E).
 {¶ 14} Accordingly, in the present case, Appellees were required to demonstrate that there were no issues of material fact that would allow Appellants to succeed on their claims of fraud and adverse possession.
 Fraud {¶ 15} On appeal, Appellants claim that the Appellees engaged in fraud to deprive Olan of his property and that there were genuine issues of material facts presented on this issue to withstand granting Appellees' motion for summary judgment.
 {¶ 16} The Supreme Court of Ohio has held that a claim of common law fraud requires proof of the following elements:
 (a) A representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely with knowledge of its falsity, or with other such disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.
Cohen v. Lamko, Inc. (1984), 10 Ohio St.3d 167, 169, 462 N.E.2d 407. The failure to prove any element of a cause of action for fraud is fatal to a party's claim. Carroll v. Stebelton, et al. (May 13, 1996), 5th Dist. No. 95CA0059, unreported. Moreover, Civ.R. 9(B) requires that allegations of fraud must be *Page 8 
stated with particularity. The circumstances constituting fraud are to be stated with particularity and mean that the pleader must state the time, place, and content of the false representation, the fact of misrepresentation, and the nature of what was obtained or given as a consequence. F J Roofing v. McGinley (1987), 35 Ohio App.3d 16, 17,518 N.E.2d 1218.
 {¶ 17} Additionally, a cause of action for the tort of fraud must be brought within four years of the time the cause accrued. R.C. 2305.09. The cause does not accrue until the fraud and wrongdoer are actually discovered. Id.; see also Kettering v. Berger (1982), 4 Ohio App.3d 254,261, 448 N.E.2d 458.
 {¶ 18} As a preliminary matter, we must address whether Appellants' claim of fraud is barred by the applicable statute of limitations.
 {¶ 19} In the present case, it appears as if Appellants allege that the cause of action for fraud accrued in 1998, i.e. at the time Olan went to his attorney to request the preparation of a deed that placed the remaining real property which he owned in a life estate with a remainder to certain named children. (See Exhibit A). It also appears as if Appellants "discovered" this fraud in 2000. Specifically, Appellants' complaint states that Olan "did not discover Appellees' fraud until the fall of 2000, when he determined that the subject real estate was not placed into a trust in accordance with his wishes." (See complaint, p. 3). However, we note that Appellants did not bring this cause of action until July 5, 2006 whereupon *Page 9 
Appellants filed their complaint, seeking, in relevant part, seeking to invalidate the 1998 deed from Olan to the Appellees.
 {¶ 20} Accordingly, although not addressed by the trial court in its Decision and Judgment Entry granting Appellees' motion for summary judgment, we find that Appellants' claim for fraud is barred by the applicable statute of limitations. See R.C. 2305.09. However, examination of the merits would not bring a different result in this case.
 {¶ 21} Specifically regarding the 1998 deed, we note that Olan testified that he instructed his attorney to prepare the deed, but stated that the attorney did not "get the right footage" as it related to the language of the excepting clause contained in the deed. (Olan's Deposition, p. 11). However, Olan testified that the rest of the deed was correct, and that he intended to retain a life estate and give the remainder to the individuals listed in the deed. (Olan's Deposition, pp. 13-14). Additionally, Olan testified that he remembered signing this deed at his attorney's office and that he signed it in his attorney's presence. (Olan's Deposition p. 11)
 {¶ 22} Although Appellants allege that the Appellees committed fraud, when specifically asked if he thought that Appellees had engaged in any kind of fraud when the deed was prepared, Olan responded "I can't say they did or they didn't because I don't know for sure." (Olan's Deposition, p. 15). Olan also admitted that when he went to his attorney and told him how to draft the 1998 *Page 10 
deed, that none of the Appellees had anything to do with the drafting of the deed, and that he reviewed the deed before he signed it. (Olan's Deposition p. 16). Additionally, the following exchange occurred during Olan's deposition:
 Q: So they didn't defraud you when you did that deed; is that correct? They being the Defendants.
 A: What they're trying to do is take it away from me. They got that property over in their name right now. I want it out of it.
 Q: The deed you just talked about though, when you did that, it was okay. Isn't that correct?
 A: Yes.
 Q: That's what you told [your attorney] to draft?
 A: That's what I told him but he didn't do that.
(Olan's Deposition, pp. 16-17).
 {¶ 23} Our review of the record reveals that Olan apparently went to his attorney in 1998 and requested that he place the remaining real property which he owned in a life estate with a remainder to certain named children. It now appears that Olan is not happy with the decisions he made regarding the preparation of the 1998 deed and is attempting to overturn that conveyance by alleging that his children have committed fraud.
 {¶ 24} However, we find that Appellants have failed to make any showing that Appellees made a false statement at any time and have failed to provide a factual basis for their allegations that the deed in question had been secured through fraud. For all of these reasons, we find that the trial court's grant of summary judgment in favor of Appellees on the issue of fraud was appropriate. *Page 11 
 Adverse Possession {¶ 25} Appellants also claim that the trial court erred in granting Appellees' motion for summary judgment on the issue of adverse possession. Specifically, Appellants allege that the trial court erred in failing to find that Terry Bidlack had properly acquired ownership and possession of the property located at 7187 Road 209 through adverse possession.
 {¶ 26} Adverse possession is a means of acquiring title to property and its ultimate effect results in the ripening of hostile possession, under certain circumstances, into title by lapse of time. Anderson v.Village of Alger, 3rd Dist. No. 6-98-10, 1999-Ohio-777 citing Montieth v. Twin Falls United Methodist Church, Inc. (1980),68 Ohio App.2d 219, 224, 428 N.E.2d 870. Title to property by adverse possession ripens into an absolute interest after the statutory period has expired. Ohio Dept. of Adm. Serv. v. Morrow (1990),67 Ohio App.3d 225, 234, 586 N.E.2d 259. At the same time, the record owner is divested of his estate in the subject property. Id.; see also McNeely v.Langan (1871), 22 Ohio St. 32, 37. However, the transfer of property by adverse possession is generally disfavored. Montieth,68 Ohio App.2d at 224.
 {¶ 27} The Supreme Court of Ohio has held that to acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of *Page 12 
twenty-one (21) years. Grace v. Koch (1998), 81 Ohio St.3d 577, 581,692 N.E.2d 1009. "Clear and convincing evidence is that proof which establishes in the minds of the trier of fact a firm conviction as to the allegations sought to be established. Cross v. Ledford (1954),161 Ohio St. 469, 477, 120 N.E.2d 118.
 {¶ 28} We note that "[t]he burden of proving adverse possession falls upon the party asserting title through such possession." Thompson v.Hayslip (1991), 74 Ohio App.3d 829, 600 N.E.2d 756; Gehron v. Petry
(Jan. 23, 1995), 12th Dist. No. CA94-04-008, unreported. The possession required to prove adverse possession is "the visible and adverse possession with intent to possess that constitutes (the occupancy's) adverse character." Grace, 81 Ohio St.3d. at 581 citingHumphries v. Huffman (1878), 33 Ohio St. 395, 402. Additionally, "the occupancy must be such as to give notice to the real owner of the extent of the adverse claim." Humphries, supra at 404. To make possession adverse, "there must have been an intention on the part of the person in possession to claim title, so manifested by his declarations or his acts, that a failure of the owner to prosecute within the time limited, raises a presumption of an extinguishment or a surrender of his claim."Grace, 81 Ohio St.3d at 581 citing Lane v. Kennedy (1861),13 Ohio St. 42, 47.
 {¶ 29} In the present case, Olan admitted that an actual survey of the property located at 7187 Road 209 was not conducted prior to the preparation of the July 26, 1989 deed. However, Olan maintains that someone did measure the *Page 13 
property by taking a tape measure and measuring the described boundaries. Olan states that those measurements were given to his attorney for preparation of the deed. (See Deposition of Olan Bidlack, February 19, 2007, pp. 24-25; see also Exhibit D as attached to Olan's deposition).
 {¶ 30} Additionally, we note that Terry's use of portions of the property outside of the boundaries described in the July 26, 1989 deed was done with Olan's permission. (Olan's deposition, pp. 26-31). Both Terry and Olan admit that at all times Terry had permission to use the property which he now claims he adversely possesses. (See Olan's deposition pp. 28, 30-31; Terry's deposition pp. 5, 13-15). In fact, it does not appear that anyone was excluded from the property until approximately two or three years ago when Terry indicated that he attempted to stop his brother Ronald from driving into the property. (Terry's Deposition, pp. 19-20).
 {¶ 31} "It is well established that a possession is not hostile or adverse if the entry is by permission of the owner, or the possession is continued by agreement; such an occupancy, consequently, confers no right." Lagonda National Bank of Springfield v. Robnett (1957), 147 N.E.2d 637, 642, 77 Ohio Law Abs. 1. Accordingly, as Terry had Olan's permission to use those portions of the property described in the July 26, 1989 deed as well as property located outside of the *Page 14 
boundaries described in this deed, we cannot find that Terry's possession of the property was adverse.[3]
 {¶ 32} Based on the foregoing, we find that Appellants have not presented specific facts creating a genuine issue of material fact as to each of the allegations contained in their complaint.[4] Construing the evidence most strongly in favor of Appellants, we concur with the trial court's determination that Appellants have failed to provide a factual basis for their allegations that the deed in question had been secured through fraud. Additionally, we concur with the trial court's determination that Terry had express permission from Olan to use the real estate to which he claimed title by adverse possession, thus defeating any claim of adversity. Accordingly, Appellants' sole assignment of error is overruled.
 {¶ 33} Therefore, the judgment of the Paulding County Court of Common Pleas granting Appellees' motion for summary judgment and dismissing Appellants' complaint with prejudice is affirmed.
Judgment Affirmed.
 ROGERS and PRESTON, J.J., concur.
[1] This November 1998 deed contained an excepting clause which described and referenced the 2.38 acres of land "more or less" that Olan had previously deeded to Terry in 1989.
[2] We note that Olan's daughter Pamela Bronner signed to return the property to Olan. Accordingly, she is not included as an Appellee and is not otherwise a party to the present action.
[3] It is unnecessary for this court to address each of the remaining elements of adverse possession because Appellants did not establish, by clear and convincing evidence, that Terry held the properly adverse to Olan or to the Appellees for the entire statutory period.
[4] We also agree with the trial court's finding that Appellants "have attempted to raise issues of fact by filing affidavits that are contradictory to their testimony at their depositions and that those affidavits really do not raise genuine issues of fact but simply make conclusory statements without giving any factual basis for those conclusions." (See May 31, 2007 Decision, p. 2). *Page 1