F & J ROOFING COMPANY, APPELLANT, *v.* MCGINLEY & SONS, INC. ET AL., APPELLEES.

(No. 12670 — Decided January 14, 1987.)

*John A. Nehrer,* for appellant.
*Robert J. Rotatori* and *Susan Gragel,* for appellees.

QUILLIN, J. The trial court dismissed the amended complaint on the single ground that the amended complaint failed to "state the circumstances constituting fraud with particularity." Because we find that the amended complaint states the circumstances constituting fraud with sufficient particularity to meet the requirements of Civ. R. 9(B), we reverse.

Plaintiff F & J Roofing Co. ("F & J") brought an action against defendants McGinley & Sons, Inc. ("McGinley") and the Akron Metropolitan Housing Authority ("AMHA") for fraud allegedly committed by McGinley during the bidding process on roofing work to be done on AMHA properties. The amended complaint alleged that all bidders were required to pay employees prevailing wages pursuant to federal law. According to the amended complaint, McGinley created a partnership among persons who would otherwise be classified as employees for the sole purpose of circumventing the federal prevailing wage requirement. According to F & J, although McGinley agreed to comply with the federal wage law, it in fact paid wages that were about one half of the prevailing wages. This purportedly enabled McGinley to submit the lowest bid and thereby secure the job. F & J claims that it prepared a bid based on compliance with the federal wage law. F & J alleges that were it not for McGinley's fraud and deceit, F & J would have been awarded the job. F & J therefore suffered damages in the amount of its lost profits.

The trial court granted McGinley's motion to dismiss for the reason that the "amended complaint does not state the circumstances constituting fraud with particularity as required by Ohio Rule of Civil Procedure 9(B)." F & J appeals.

Assignment of Error

"The court below incorrectly granted McGinley and Son's motion to dismiss, as plaintiff's amended com-

plaint did state the circumstances constituting fraud with particularity as required by Ohio Rule of Civil Procedure 9(B)."

Civ. R. 9(B) and Fed. R. Civ. P. 9(b) contain identical language. Each provides:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. * * *"

Normally, "the circumstances constituting fraud" means the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud. 2A Moore's Federal Practice (1986), Paragraph 9.03, at 9-20 to 9-24; *Bender* v. *Southland Corp.* (C.A. 6, 1984), 749 F. 2d 1205, 1216 (plaintiff must allege, at a minimum, the time, place and contents of the misrepresentation on which he relied). Generally, the pleadings must be sufficiently particular to appraise the opposing party of the claim against him. *Haddon View Investment Co.* v. *Coopers & Lybrand* (1982), 70 Ohio St. 2d 154, 158-159, 24 O.O. 3d 268, 270-271, 436 N.E. 2d 212, 215-216. See, *e.g., Felton* v. *Walston & Co.* (C.A. 2, 1974), 508 F. 2d 577, 581, 27 A.L.R. Fed. 399, 403; Annotation, Construction and Application of Provision of Rule 9(b), Federal Rules of Civil Procedure, that Circumstances Constituting Fraud or Mistake be Stated with Particularity (1976), 27 A.L.R. Fed. 407, 414.

The Civ. R. 9 requirement of particularity must be applied in conjunction with the general directives in Civ. R. 8 that the pleadings shall contain "a short and plain statement of the claim" and that each averment should be "simple, concise, and direct." *Felton* v. *Walston & Co., supra;* Annotation (1976), 27 A.L.R. Fed. 407, at 420-422;

2A Moore's Federal Practice, *supra,* at 9-28.

"* * * Courts have not struck a balance between these rules by devising an easily applied test. Indeed, despite the many applications of Rule 9(b), no standard has evolved dictating precisely how much notice the rule requires. No court has enunciated a test which casts light beyond the facts before it. This is not surprising. The nature of each individual case will necessarily determine the degree of specificity which under Rule 9(b) is appropriate.

"The focal point of a Rule 9(b) inquiry should be whether, given the nature and facts of the case and the circumstances of the parties, the pleading in question is sufficiently particular to satisfy the purposes of Rule 9(b). The rule has three purposes. First, it ensures that the allegations are specific enough to inform a defendant of the act of which the plaintiff complains and to enable him to prepare an effective response and defense. * * * Second, it eliminates those complaints filed 'as a pretext for discovery of unknown wrongs.' * * * Third, Rule 9(b) seeks to protect defendants from unfounded charges of wrongdoing which injure their reputations and goodwill. * * *" *In re Commonwealth Oil/Tesoro Petroleum Corp. Securities Litigation* (W.D. Tex. 1979), 467 F. Supp. 227, 250.

The allegations in the amended complaint are specific enough to inform McGinley of the act of which F & J complains and to enable McGinley to prepare an effective response and defense. *Haddon View Investment Co., supra; In re Commonwealth Oil, supra,* at 250. The amended complaint states the time, place and content of the false representation. *Bender, supra,* at 1216. The amended complaint, while it may be less than perfect, actually contains quite a bit of

18

detail. There can be no doubt but that McGinley knew exactly what matters were involved. Where it is apparent that even though the pleadings may be vague the defendant does in fact have notice of the matters of which plaintiff complains, a strict application of Civ. R. 9(B) can serve no useful purpose. *In re Commonwealth Oil, supra,* at 251. The assignment of error is sustained.

*Judgment reversed.*

MAHONEY, P.J., concurs.

BAIRD, J., dissents.

BAIRD, J., dissenting. While it may be true that the facts upon which plaintiff apparently relies to constitute fraud have been set forth with sufficient clarity, I believe that it is also true that those facts do not add up to a claim upon which relief can be granted.

Under its amended complaint, plaintiff could conceivably prove that there was a misrepresentation made by the defendant with knowledge of its falsity at the time it was made. It is not conceivable, however, that plaintiff could prove its actual and justifiable reliance upon that misrepresentation.

Under the test set forth in *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, a Civ. R. 12(B)(6) motion should not be sustained unless it appears beyond doubt from the complaint that plaintiff can prove no set of facts entitling him to recovery. I believe that test is satisfied in this case.

Since defendant's motion was made under the authority of Civ. R. 12(B)(6), the dismissal of the case by the trial court should be affirmed on that basis.