I respectfully dissent. The allegations in Bradley's complaint are specific enough to inform Bessick of the act of which Bradley complains and to enable Bessick to prepare an effective response and defense.
The determination of the appropriate degree of specificity in the assertion of a claim of fraud must be made on a case-by-case basis. See F J Roofing Co. v. McGinley Sons, Inc. (1987),35 Ohio App.3d 16, 17. The underlying determination in each case is whether the allegation is specific enough to inform the defendant of the act of which the plaintiff complains, and to enable the defendant to prepare an effective response and defense. Id., citing Haddon View Investment Co. v. Coopers Lybrand (1982),70 Ohio St.2d 154, 158-159.
Bradley's complaint states the time, place, and content of the false representation: In 1986, Bradley had a judgment lien against Adams on real property located at 1117 Lowell Street in Elyria. In 1986, Adams conveyed his interest in that property to the Bessicks with Bradley's consent to release Adams of the lien on the condition that the Bessicks would pay the lien. The Bessicks agreed and assumed the debt. On or about April 26, 1991, the Bessicks told Bradley that they would attempt to sell the property to satisfy the lien that they had assumed on that property and they assigned Bradley the sum of $10,882.34 to be paid from the sale of the property. From 1991 through 1995, the Bessicks falsely represented to Bradley that they were attempting to sell the property in order to satisfy the assignment. Bradley further alleges that he was unaware of the Bessicks' false representations until Elmer Bessick's death, and that the total amount of the assignment is still due.
This Court has previously stated that despite vague pleadings, "[w]here it is apparent that the defendant does in fact have notice of the matters of which plaintiff complains, a strict application of Civ.R. 9(B) can serve no useful purpose." F J Roofing, supra, at 18. There is little doubt that Bessick knew exactly what matters were involved. Accordingly, I would reverse the judgment of the court of common pleas.