OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, granting the motion to dismiss filed by defendants-appellees, Sheriff Phil Chance, et al., pursuant to Civ.R. 12(B)(6).
The facts asserted by plaintiff-appellant, Donald A. Harman, for purposes of this appeal, mimic those set forth in his complaint, entitled "OTHER TORTS, FALSE ARREST-CONSPIRACY." Appellant's complaint and the issues he presents to this court on appeal revolve around criminal charges brought against him on two occasions for aggravated trafficking in drugs for which he is presently incarcerated.
Appellant maintains that on or about September 2, 1994, and again on August 15, 1995, appellees, who were members of the Mahoning County Drug Task Force, planted cocaine and/or flour on his motorcycle and in his vehicle, respectively, resulting in wrongful accusations of aggravated trafficking in drugs. Appellant further contends that the cocaine and/or flour was planted as part of a conspiracy amongst appellees to ensure appellant was wrongfully charged and convicted for crimes that he did not commit.
Appellant filed the present action on September 10, 1998, alleging several instances of misconduct by appellees in their individual capacity as well as in their capacity as conspirators, all stemming from the aforementioned convictions on aggravated trafficking.
On October 28, 1998, appellees filed a motion to dismiss for failure to state a claim for which relief may be granted pursuant to Civ.R. 12(B)(6). Appellant filed a "contra response to motion to dismiss" on November 9, 1998, to which appellees replied on April 14, 1999. A hearing was conducted on appellees' motion to dismiss on April 23, 1999.
By judgment entry dated April 27, 1999, the trial court sustained appellees' motion to dismiss. This appeal followed.
Appellant sets forth four assignments of error on appeal.
Generally, when ruling on a Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted, a trial court must presume the truth of all factual allegations in the complaint and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co., (1988), 40 Ohio St.3d 190,192. Before a trial court can grant a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff cannot prove any set of facts entitling him to recover. York v. Ohio State Highway Patrol
(1991), 60 Ohio St.3d 143, 144. The trial court, however, need not presume the truth of conclusions which are not supported by factual allegations. Mitchell, supra at 192. In resolving a Civ.R. 12(B)(6) motion, a trial court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into a motion for summary judgment under Civ.R. 56.Nelson v. Pleasant (1991), 73 Ohio App.3d 479, 482.
When reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion, an appellate court must independently review the complaint to determine if dismissal was appropriate. Malone v. Malone, Columbiana App. No. 98-CO-47, unreported. An appellate court considers motions to dismiss de novo. Plumbers Steamfitters Local Union 83 v. Union LocalSchool District Board of Education (1998), Belmont App. No. 97-BA-40, unreported.
Appellant's first assignment of error alleges:
 "TRIAL COURT ERRED AS A MATTER OF LAW THAT (sic) THE STATUTE OF LIMITATIONS HAD EXPIRED PRIOR TO ACTION'S (sic) BEING TAKEN."
Appellant filed his complaint on September 10, 1998. In his complaint, appellant alleges that he was wrongfully accused and arrested for aggravated trafficking in drugs on September 2, 1994 and again on August 15, 1995. Thus, it is undisputed that appellant's claims of false arrest were initiated in excess of three years after the occurrence of the events upon which his complaint was founded.
R.C. 2305.11(A) provides, in pertinent part:
 "* * * an action for libel, slander, malicious prosecution, or false imprisonment * * * shall be commenced within one year after the cause of action accrued * * *."
Because false arrest includes false imprisonment, the one year statute of limitations which applies to a claim of false imprisonment, applies to false arrest claims. Mayes v. Columbus (1995), 105 Ohio App.3d 728, 746; citing Rogers v. Barbera (1960), 170 Ohio St. 241. In addition, the one year limitation is subject to Ohio's general tolling statute, R.C. 2305.16, which states:
 "Unless otherwise provided in sections 1302.98, 1304.35, 2305.04 to 2305.14, OR 2744.04 of the Revised Code, if a person entitled to bring any action mentioned in those sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person may bring it within the respective times limited by those sections, after the disability is removed. * * *."
Contrary to appellant's urging, incarceration is no longer included as a disability that will toll the applicable statute of limitations. Incarceration was excluded as a disability when Senate Bill 125 became effective on January 15, 1991.
Finally, "A motion to dismiss a complaint pursuant to Civ.R. 12(B)(6), which is based upon a failure to state a claim upon which relief can be granted, should be granted by a trial court when a complaint on its face indicates that a claim is barred by an applicable statute of limitations." Kotyk v. Rebovich (1993), 87 Ohio App.3d 116, 119. Therefore, the trial court did not err in granting appellees motion to dismiss pursuant to Civ.R. 12(B)(6).
Appellant also argues under his first assignment of error that his civil and constitutional rights were violated. Appellees, however, contend that to the extent that this court may determine the language in appellant's complaint alone is sufficient to present a 42 U.S.C. § 1983
claim, appellant's section 1983 claim must nevertheless fail because it is also time barred.The applicable statute of limitations for a valid section 1983 claim in Ohio is two years from the accrual date. LRLProperties v. Portage Metro Housing Authority (C.A. 6, 1995) 55 F.3d 1097,1105. When a court determines the accrual date it "looks to the event that should have alerted the typical lay person to protect his or her rights." Dixon v. Anderson (C.A. 6, 1991) 928 F.2d 212, 215. As a general rule, Ohio courts recognize that a cause of action accrues when the wrong is committed. Aglinsky v. Cleveland Builders Supply Co.
(1990), 68 Ohio App.3d 810, 815.
Accordingly, because appellant did not file his complaint within two years after the wrong occurred, his allegations are outside the applicable statute of limitations for a section 1983 claim.
Therefore, appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THERE WAS NO CONSPIRACY BY THESE DEFENDANTS."
In an attempt to combat dismissal of his claim, appellant alleges that appellees engaged in a continuing conspiracy which tolled the running of the statute of limitations.In the civil arena, conspiracy is defined as "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone resulting in actual damages." LeFort v. Century 21-Maitland Reality Co. (1987),32 Ohio St.3d 121, 126. Additionally, an underlying tort is necessary to give rise to a cause of action for conspiracy. Minarik v. Nagy (1963),8 Ohio App.2d 194, 196. Finally, it is well-settled that conspiracy claims must be pled with some degree of specificity, and vague or conclusory allegations which are unsupported by material facts will not be sufficient to state a claim. Jaco v. Bloechle (C.A. 6, 1984)739 F.2d 239, 245.
Appellant's complaint is want of any facts that this court could interpret as supportive of a finding that a continuing conspiracy existed. Not only does appellant raise claims which allege wrongdoing on the part of individuals not even named as parties in this action, but all of the factual allegations which involve the named appellee occurred three years prior to appellant's filing of this claim.
Therefore, the unsupported conclusions contained within appellant's complaint were insufficient to withstand appellees' motion to dismiss and appellant's second assignment of error is found to be without merit.
Appellant's third assignment of error alleges:
 "TRIAL COURT ERRED AS A MATTER OF LAW WHEN THE (sic) FAILED TO RECOGNIZE FRAUD (sic) STATUTE OF LIMITATIONS IN THIS CASE."
Appellant contends that the trial court improperly dismissed his complaint by declining to recognize the four year statute of limitations available under Ohio law for cases involving fraud. However, appellant's complaint does not contain any claims or assertions of fraud.
In order to utilize the four year statute of limitations, a complainant must meet the requirements set forth in Civ.R. 9(B). The Ninth District examined these requirements in F J Roofing Co. v. McGinley Sons,Inc. (1987), 35 Ohio App.3d 16, 17, wherein they stated:
 "Normally, `the circumstances constituting fraud' means the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud. * * * (plaintiff must allege, at a minimum, the time, place and contents of the misrepresentation on which he relied). Generally, the pleadings must be sufficiently particular to appraise the opposing party of the claim against him.' Haddon View Investment Co. v. Coopers Lybrand
(1982), 70 Ohio St.2d 154, 158-159 * * *."
The word "fraud" does not appear in either the caption or the body of appellant's complaint. Under Civ.R. 9(B) an allegation of fraud must be affirmatively stated with particularity. Due to appellant's failure to plead the circumstances constituting fraud with particularity, as a matter of law no claim of fraud ever existed against appellees. Further, since appellant did not raise his fraud claim before the trial court, he is precluded from raising this issue for the first time on appeal. State exrel. Quatro Mining Co. V. Foreman (1997), 79 Ohio St.3d 78, 81.
Accordingly, the trial court did not err by failing to recognize Ohio's statute of limitations for fraud.
Thus, appellant's third assignment of error is found to be without merit.
Appellant's fourth assignment of error alleges:
 "TRIAL COURT ERRED WHEN IT RULED THERE WAS NO VALID CLAIMS FOR RELIEF."
Appellant maintains that all of his assertions surrounding the alleged planting of cocaine and/or flour, along with his wrongful arrest and conviction, state valid claims of violations of his civil and constitutional rights upon which relief may be granted.
In Heck v. Humphry (1994), 512 U.S. 477, 486-487, in which the United States Supreme Court held:
 "In order to recover damages for an allegedly unconstitutional conviction or for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a prisoner must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus."
Appellant maintains in his complaint that appellees planted drugs on his person or property causing appellant to be wrongfully arrested, charged and convicted for aggravated trafficking of drugs. However, appellant's complaint does not state that his conviction has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, appellant's section 1983 claim was properly dismissed because if appellant prevailed on this claim, it would be implied that his state conviction on the drug charges was invalid.
Appellant's fourth assignment of error is found to be without merit.
 __________________ COX, P.J.
Donofrio, J., concurs.
Vukovich, J., concurs.