OPINION *Page 2 
{¶ 1} On February 21, 2007, appellants, Timothy and Nancy Prosser, filed a complaint against appellee, Jason Lutz, alleging a claim for fraud for intentionally concealing defects (water intrusion) pertaining to the sale of real estate by appellee to appellants.
 {¶ 2} On March 23, 2007, appellee filed a motion to dismiss pursuant to Civ.R. 12. On May 29, 2007, the trial court converted the motion to a motion for summary judgment. The parties filed supporting affidavits. By entry filed August 8, 2007, the trial court granted summary judgment to appellee.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT'S DECISION TO GRANT THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT CONSTITUTES REVERSIBLE ERROR."
 I {¶ 5} Appellants claim the trial court erred in granting summary judgment to appellee. We disagree.
 {¶ 6} In its May 29, 2007 order, the trial court found the motion to dismiss "presents matters outside the complaint." Therefore, the trial court converted the motion to a motion for summary judgment pursuant to Civ.R. 12(B) which states the following in pertinent part:
 {¶ 7} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by *Page 3 
the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
 {¶ 8} In its same order, the trial court permitted the parties to file "affidavits, other sworn material appropriate for consideration under Civ.R. 56, and any additional memoranda of law they desire on or before June 11, 2007." The parties filed affidavits in support of their respective positions.
 {¶ 9} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 10} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 11} In order to maintain an action for fraud, five elements must exist: 1) a false representation; 2) knowledge of the falsity on the part of the person making the *Page 4 
representation; 3) intent to mislead another in relying upon the representation; 4) reliance and 5) injury. Schwartz v. Capital Savingsand Loan Co. (1978), 56 Ohio App.2d 83.
 {¶ 12} In its entry filed August 8, 2007, the trial court found the sworn evidence as presented failed to establish elements three and five. The trial court found the "water intrusion was not concealed but disclosed," and appellants "could not have justifiably relied on any impression they somehow formed that there was no water intrusion problem."
 {¶ 13} We note appellants' complaint was based upon a claim of fraud in failing to disclose defects and concealing defects. Attached to the complaint is the Real Estate Purchase Agreement containing an "as is" clause and a "Purchaser's Acknowledgment" which states the following:
 {¶ 14} "Purchaser's Acknowledgement: Purchaser acknowledges that, except as otherwise herein noted, the real estate/property is being purchased in its present physical condition after examination and inspection by Purchaser. Purchaser further acknowledges that Purchaser(s) are relying solely upon such examination and inspection with reference to condition, value, character, and dimensions of property, improvements, component systems and fixtures. Purchaser acknowledges that neither Seller, nor Seller's Agent(s) have made any representations or warranties upon which Purchaser has been induced to rely; rather Seller and Seller's Agent(s) have encouraged Purchaser to conduct a thorough and independent inspection(s) of the premises." *Page 5 
 {¶ 15} The Purchaser's Acknowledgment was based on a "Residential Property Disclosure Form" which included the following disclosure:
 {¶ 16} "WATER INTRUSION: Do you know of any previous or current water leakage, water accumulation, excess moisture or other defects to the property including, but not limited to any area below grade, basement or crawl space? Yes * * * Basement gets wet with heavy rain never more than an inch in spots."
 {¶ 17} In addition to these two documents are the affidavits of each appellant, appellee, and appellants' waterproof contractor, Ken Ludwig.
 {¶ 18} In his affidavit at ¶ 13, appellee states he disclosed a water problem and permitted an inspection:
 {¶ 19} "Further, Affiant fully disclosed any and all issues with the basement in the Residential Property Disclosure Form, attached hereto as Exhibit `2', in paragraph `D' where Affiant wrote `[b]asement gets wet with heavy rain. Never more than an inch in spots'."
 {¶ 20} Appellants each state in their respective affidavit they specifically relied upon the disclosure in the Residential Property Disclosure Form, and the basement appeared freshly painted and any defects were hidden by furniture. They also averred the following:
 {¶ 21} "He [She] relied on each of the affirmative written representations made by the Defendant on the Residential Property Disclosure Form he [she] received from him, which indicates in Section E that the Defendant denied having any knowledge of any movement, shifting, deterioration, material crack/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl space, *Page 6 
floors, or interior/exterior walls. On Item J of the disclosure statement, the Defendant denied having knowledge of any current flooding, drainage, settling or grading or erosion problems affecting the property. On Item D of the disclosure statement, the Defendant acknowledged only that there were water intrusion problems `with heavy rain'." See, T. Prosser and N. Prosser Affidavits at ¶ 5.
 {¶ 22} Mr. Ludwig opined the following in his affidavit at ¶ 2 as to the conditions found on October 3, 2006:
 {¶ 23} "Upon his arrival at the job, and in the course of performing his duties at the job, he found the following things:
 {¶ 24} "a. water seepage on the foundation floor caused by hydrostatic pressure;
 {¶ 25} "b. cracks in the foundation walls causing deteriorating of the foundation walls;
 {¶ 26} "c. mold and mildew on the foundation walls and floors; and
 {¶ 27} "d. poor ventilation throughout the basement and home."
 {¶ 28} The date on the Residential Property Disclosure Form and sales contract was October 5, 2005 with a closing set for October 28, 2005.
 {¶ 29} The gist of appellants' claims is that the disclosure statement was not accurate and did not disclose the amount of "water intrusion" opined by their expert, Mr. Ludwig. Appellants argue genuine issues of material fact arise from these assertions. The trial court disagreed with this argument and we concur with this analysis:
 {¶ 30} "The seller's disclosure of water intrusion problems — up to an inch of water on the basement floor — was sufficient to have any reasonable buyer inquire into the reason and extent of the problem. The buyers could have had their basement *Page 7 
waterproofing contractor make his inspection in October 2005, during their 14 day inspection period, instead of a year later in October, 2006. If they did they would have known the extent of the problems before closing the sale. Instead they failed to check the reasons for the water intrusion and signed a waiver of inspection." See, Entry filed August 8, 2007.
 {¶ 31} In Layman v. Binns (1988), 35 Ohio St.3d 176, the Supreme Court of Ohio stated the doctrine of caveat emptor applies in Ohio. TheLayman court stated the following at syllabus:
 {¶ 32} "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. (Traverse v. Long [1956], 165 Ohio St. 249, 59 O.O. 325,135 N.E.2d 256, approved and followed.)"
 {¶ 33} We find the clear assertions in the Residential Property Disclosure Form, coupled with the "as is" provision, the Purchaser's Acknowledgment, and the available fourteen day inspection prior to sale, were sufficient to place appellants on notice of a water problem.
 {¶ 34} Upon review, we find the trial court did not err in granting summary judgment to appellee.
 {¶ 35} The sole assignment of error is denied. *Page 8 
 {¶ 36} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, J., Hoffman, P.J., and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1