OPINION *Page 2 
{¶ 1} Plaintiff Wilma Jean Hayes appeals a summary judgment of the Court of Common Pleas of Muskingum County, Ohio, entered in favor of defendant D. Michael Haddox. Appellant does not set forth an assignment of error in her pro se brief, but argues the court abused its discretion because the matter presented genuine issues of material fact.
 {¶ 2} Civ. R. 56 (C) states in pertinent part:
 {¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 4} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981), *Page 3 67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industriesof Ohio, Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law,Russell v. Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 5} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 7} The trial court found appellee is an attorney who represented appellant in her divorce action. She became dissatisfied with appellee's efforts and fired him in May 2002. Appellant filed a complaint with the Office of Disciplinary Counsel, which found no unethical behavior. Disciplinary Counsel advised appellant she had the right to pursue a malpractice action. In 2004, appellee sued appellant in Zanesville Municipal Court to recover attorney fees, and appellant raised the issue of his allegedly deficient *Page 4 
performance. The municipal court found in favor of appellee in July 2005. In August 2005, appellant filed an action against appellee asserting claims for fraud and misrepresentation. She voluntarily dismissed the case in 2006, and re-filed it in March 2007.
 {¶ 8} The trial court found appellant's claims of fraud and misrepresentation arise out of the manner in which her ex-husband's 401 (k) pension was treated in the divorce action. The 401(k) was worth about $92,000, but only $42,000 was determined to be a marital asset to be divided equally. Appellant argues if appellee had handled the matter properly, the divorce court would have found the entire 401(k) to be a marital asset and divided it equally. The trial court here concluded that regardless of the terms appellant uses in characterizing appellee's actions, her claim against appellee is for legal malpractice.
 {¶ 9} The trial court noted the time within which a party must bring an action for legal malpractice is governed by R.C. 2305.11 (A), which provides the claim must be commenced within one year after the cause of action accrued.
 {¶ 10} In Zimmie v. Calfee, Halter Griswold (1989),43 Ohio St. 3d 54, the Ohio Supreme Court set a two-prong test to determine when the statute of limitation begins to run on claims for legal malpractice. The court found the statute of limitations begins to run when there is a cognizable event, whereby the client discovers or should have discovered his injury was related to his attorney's act or failure to act, and the client is put on notice of the need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. *Page 5 
 {¶ 11} The trial court found appellant was aware of appellee's actions no later than May 2002, when she fired him. In July 2002, Disciplinary Counsel notified her of her right to pursue a malpractice action. The trial court found appellant cannot extend the one-year statute for malpractice by labeling the action as some other tort, see, e.g.,Accelerated Systems Integration, Inc. v. Hausser Taylor, L.L.P., Cuyahoga App. No. 88207, 2007-Ohio-2113, at 25. We agree appellant's claims are for legal malpractice.
 {¶ 12} We address appellant's allegation appellee acted fraudulently separately.
 {¶ 13} In order to establish fraud, a party must establish the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely with knowledge of falsity or with such utter disregard or recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance on the representation or concealment; and (6) a resulting injury proximately caused by the reliance, Prosser v. Lutz, Richland App. No. 07CA73,2008-Ohio-845 at paragraph 11, citation deleted.
 {¶ 14} In F J Roofing v. McGinley Sons, Inc. (1987),35 Ohio App. 3d 16, 518 N.E. 2d 1218, the Summit County Court of Appeals held the circumstances surrounding the fraud must be pled with particularity and must set forth the time, place, and content of the false representation, the fact of misrepresentation, and the nature of what the defendant obtained or the plaintiff gave as a consequence, Id., syllabus by the court.
 {¶ 15} In his concurrence in Heiss v. Gragg (October 31, 1989), Ross App. No. 1560, Judge Harsha noted courts grant relief for fraud, not for moral wrongs, but where *Page 6 
a party has been misled to his injury or made some irretrievable change of position, especially where the defendant has secured an unconscionable advantage.
 {¶ 16} Here, it is difficult to see what advantage appellant believes appellee gained if his representation was defective. We find appellant cannot prevail on her fraud claim, and her claims are strictly for legal malpractice.
 {¶ 17} We conclude the trial court was correct in finding appellant's action was an action for legal malpractice and the statute of limitations had run on her claim.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
Gwin, J., Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant. *Page 1