OPINION
{¶ 1} Third party plaintiff/appellant Fred A. Shaffer ("Shaffer") brings this appeal from the judgment of the Court of Common Pleas of Union County granting the motions to dismiss of third party defendants Lawrence D. Jacobs ("Jacobs") and Chamberlin Title Agency, Ltd. ("Chamberlin"). For the reasons set forth below, the judgment is affirmed in part and reversed in part.
 {¶ 2} On July 25, 2007, Property Asset Management, Inc. ("PAM") filed a foreclosure action against Shaffer and his then-wife, Angel Shaffer ("Angel"). Shaffer filed an answer and counterclaim denying the allegations of the complaint, Shaffer also filed a third party complaint against Angel, Chamberlin, and Jacobs, *Page 3 
among others. In the third party complaint, Shaffer alleged that Angel arranged a mortgage loan on his home without his knowledge or consent. Shaffer also alleged that Angel dyed his mentally handicapped son's hair to match Shaffer's, wrapped the son's wrists in medical bandages, and claimed that he was Shaffer. Shaffer alleges that Angel coerced the mentally handicapped son to sign Shaffer's name on the mortgage documents. Additionally, Shaffer claims that neither he nor his son received any benefit from the fraudulent loan. Based upon these facts, the third party complaint alleged fraud, violations of the Ohio Consumer Sales Practices Act, slander of title, quiet title, equitable estoppel, violations of the Ohio Mortgage Brokers Act, breach of fiduciary duty, conversion, and civil conspiracy.
 {¶ 3} On October 22, 2007 and November 16, 2007, Jacobs and Chamberlin filed their respective motions to dismiss the third party complaint pursuant to Ohio Civ. R. 12(B)(6). The trial court granted both of the motions on December 20, 2007. Shaffer appeals from this judgment and raises the following assignment and raises the following assignments of error.
 First Assignment of Error The trial court erred by summarily dismissing [Shaffer's] third party complaint against [Chamberlin].
 Second Assignment of Error The trial court erred by summarily dismissing [Shaffer's] third party complaint against [Jacobs]. *Page 4 
 Third Assignment of Error The trial court erred by failing to state a reason for sustaining the Civ. R. 12(B)(6) motions of [Chamberlin] and [Jacobs].
 {¶ 4} The second assignment of error claims that the trial court erred in dismissing his third party complaint against Jacobs. "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted * * *." Civ. R. 12(B)(6).
 Our standard of review on a Civ. R. 12(B)(6) motion to dismiss is de novo. * * * A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. * * * Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. * * * In order for the trial court to dismiss a complaint pursuant to Civ. R. 12(B)(6), the court must find beyond a doubt that the plaintiff can prove no set of facts that would support his claim for relief.
LFL Logistics Co. v. Minerva Ents., Inc., 5th Dist. No. 2006 CA 00012, 2006-Ohio-6398, ¶ 16. "In ruling on a Civ. R. 12(B)(6) motion, the trial court should not dismiss the complaint because it doubts the plaintiff will win on the merits." Natl. Check Bur. v.Buerger, 9th Dist. No. 06CA008882, 2006-Ohio-6673, ¶ 9.
 {¶ 5} "A pleading that sets forth a claim for relief * * * shall contain (1) a short and plain statement of the claim showing that the party is entitled to relief, *Page 5 
and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ. R. 8(A). A review of the third-party complaint indicates that Jacobs was named as a defendant. However, no information identifying Jacobs or indicating how he was connected to the alleged causes of action was given. The claims brought in the third-party complaint include fraud, a violation of the consumer sales practices act, slander of title, quiet title, equitable estoppel, violation of the Ohio Mortgage Broker's Act, breach of fiduciary duty, conversion, and civil conspiracy. The third-party complaint does not indicate what, if any, role Jacobs allegedly played in the commission of these offenses. Thus, the complaint does not provide the required notice and is not sufficient. The trial court did not err in granting Jacobs motion to dismiss pursuant to Civ. R. 12(B)(6) and the second assignment of error is overruled.
 {¶ 6} In the first assignment of error, Shaffer claims that the trial court erred in granting Chamberlin's motion to dismiss. The claims brought in the third-party complaint identified Chamberlin as the entity that provided the title services for the transaction at issue in the case. Thus, unlike what Shaffer failed to do regarding Jacobs, Shaffer minimally connected Chamberlin with the alleged wrongdoings.
 {¶ 7} The first claim Shaffer makes is for fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Civ. R. 9(B). *Page 6 
 The requirement that fraud be pleaded with particularity is based upon the principle that a complaint of fraud frivolously or unjustifiably brought carries greater potential for unjust consequences and thus a higher burden should be placed upon the plaintiff to support general allegations with specific facts. "There are three reasons cited for the requirement of particularity. First, particularity is required to protect defendants from the potential harm to their reputations which may attend general accusations of acts involving moral turpitude. Second, particularity ensures that the obligations are concrete and specific so as to provide defendants notice of what conduct is being challenged. Finally, the particularity requirement inhibits the filing of complaints as a pretext for discovery of unknown wrongs." Korodi v. Minot (1987), 40 Ohio App.3d 1, 4, 531 N.E.2d 318, 321. Typically, the requirement of particularity includes "the time, place and content of the false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud." Baker v. Conlan (1990), 66 Ohio App.3d 454, 458, 585 N.E.2d 543, 546.
Carter-Jones Lumber Co. v. Denune (1999), 132 Ohio App.3d 430, 433,725 N.E.2d 330. The Civ. R. 9(B) requirement of particularity is applied in conjunction with the general directives set forth in Civ. R. 8 requiring a short and plain statement. F J Roofing Co. v. McGinley Sons, Inc.et al. (1987), 35 Ohio App.3d 16, 518 N.E.2d 1218. "Generally, the pleadings must be sufficiently particular to appraise the opposing party of the claim against him." Id. at 17 (citing Haddon View Investment Co.v. Coopers Lybrand (1982), 70 Ohio St.2d 154, 436 N.E.2d 212).
 {¶ 8} Shaffer claims in his third party complaint as follows.
 6. In or around March of 2007, Defendant Angel Shaffer arranged for a mortgage on the home * * *, which is solely owned by Fred Shaffer. The mortgage documents purport to *Page 7 bear the signature of Fred Shaffer. Fred's signature on these documents was forged. On or about the date the loan and mortgage documents were to be signed, Angel Shaffer engaged in an elaborate but ridiculous farce in which she dyed her son Brian's hair from dark brown to red (to match the hair color of Brian's father, Fred Shaffer), wrapped her son's wrists in medical bandages, and coerced this mentally handicapped boy to pose as his 40 year old father and sign documents with his father's name.
 7. Fred Shaffer did not sign any of the documents in this case. He was unaware of the loan and mortgage and did not agree to their terms. The loan was used in part to pay off a number of different fraudulent credit card accounts originated by Angel Shaffer in her name and various other names.
 * * *
 10. Third Party Defendant Chamberlin Title Agency, LTD is a limited liability company authorized to do business in Ohio, engaged in the business of providing title services, escrow and closing services, and other services to consumers, and other consumer transactions.
 * * *
 13. In connection with the transaction, Plaintiff, Defendants Angel Shaffer and JP Morgan Chase Bank, and Third Party Defendants, and the agents and representatives of each, misrepresented facts to Defendant Fred Shaffer and concealed material facts from Defendant Fred Shaffer. Said misrepresentations and concealments occurred on or about March — July, 2007, and include without limitation the following: arranging a fraudulent mortgage transaction without the knowledge or consent of the property owner; procuring, arranging, or otherwise participating in the forgery of Fred Shaffer's signature on the mortgage documents; concealing the execution of mortgage documents and placement of a mortgage lien upon property owned by Fred Shaffer; concealing the true nature and terms of the transaction; *Page 8 asserting that Fred Shaffer is legally liable on the note and mortgage; and other misrepresentations and concealments.
 14. The representations and concealments were false and Plaintiff, Defendants Angel Shaffer and JP Morgan, and Third Party Defendants knew them to be false when made. The forgery, concealment, and false statements were made for the purpose of obtaining money and fees, and stripping the equity and ownership of the real estate from Fred Shaffer.
 {¶ 9} Answer/Third Party Complaint, 6-8. The third party complaint also alleges that Shaffer reasonably relied upon the absence of notice, that the third party defendants acted with deliberate disregard for his rights and that he has incurred expenses. The question is whether these allegations are sufficiently particular to provide Chamberlin notice of the claims against it.
 {¶ 10} Chamberlin is specifically identified as the title company. Shaffer specifically stated that the alleged fraud occurred in March of 2007, and part of it occurred at the signing of the mortgage. Shaffer claims that the alleged fraud was the arranging of a fraudulent mortgage transaction, participating in the forgery of his signature, etc. A review of the complaint as a whole and accepting all of the allegations set forth by Shaffer as true, Chamberlin could determine the facts which form the basis of the fraud allegation, i.e. that they participated in the fraud. He also has alleged that he was deceived by their actions and suffered damage as a result. Although the complaint is less than perfect, it is sufficient to provide Chamberlin with notice of the matters involved. Thus, it is a sufficient *Page 9 
pleading under the rule and the trial court erred by dismissing the fraud complaint against Chamberlin.
 {¶ 11} The second and sixth claims raised by Shaffer are violations of the Consumer Sales Practices Act ("CSPA") and the Ohio Mortgage Broker's Act ("OMBA"). By failing to provide the appropriate documents to the home owner as required by law at a closing, a title company can violate these acts. The CSPA does apply to title companies in the production of the closing documents. ABN AMRO Mortgage Group, Inc. v. Arnold, 2d Dist. No. 20530, 2005-Ohio-925. A violation of the OMBA can be found if the title company fails to provide the home owner with a loan origination closing statement. Lashua v. Lakeside Title Escrow Co., 8th Dist. No. 2004CA00237, 2005-Ohio-1728. The third-party complaint specifies that irregularities in the provision of appraisal, title, closing, and other services existed among other things. It also states that Chamberlin failed to produce statutorily required documents to Shaffer as the home owner. These claims are sufficient to give notice to Chamberlin of the claims brought. Thus, the trial court erred in dismissing the CSPA and the OMBA claims against Chamberlin.
 {¶ 12} The third and seventh claims alleged in the third-party complaint allege slander of title and breach of fiduciary duty. Shaffer does not allege that Chamberlin participated in the acts underlying these claims. Therefore, the trial court properly dismissed these claims as to Chamberlin. *Page 10 
 {¶ 13} Count four and five of the third-party complaint sets forth claims for quiet title and equitable estoppel. Chamberlin requested that these claims be dismissed because Chamberlin has no interest in the real estate. An action for quiet title can be brought against any party who claims an interest in the real property. R.C. 5303.01. The equitable estoppel claim likewise is brought to terminate any interests claimed by any party other than Shaffer. Chamberlin makes no claim to the real estate. Thus, Chamberlin is unnecessary to the claim for quiet title. Additionally, without a claim of interest, there is no need to claim equitable estoppel to defeat that interest. Since Chamberlin conceded it has no interest in the real estate, these claims do not relate to Chamberlin and the trial court did not err in dismissing them.
 {¶ 14} The eighth claim is one for conversion. Conversion is the wrongful control of property inconsistent with the rights of the owner.Marion Plaza, Inc. v. The Fahey Banking Co., 3d Dist. No. 9-2000-59, 2001-Ohio-2158. "In order to prove the conversion of property, the owner must demonstrate (1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property, and (2) that the possessor refused to deliver the property to its rightful owner." Id. at *4. Here, there are no allegations that Chamberlin ever possessed Shaffer's property or exerted control over Shaffer's property. Thus, no claim in conversion can be proven. The trial court did not err in dismissing this claim. *Page 11 
 {¶ 15} Finally, the trial court dismissed the claim for civil conspiracy. Shaffer claimed that all of the third party defendants, including Chamberlin were joint actors in the wrongdoings. As the title company, Chamberlin prepared the closing documents for the mortgage and oversaw the execution of those documents. Chamberlin argues that Angel perpetrated fraud against them as well and that they were unaware of her fraud. However, this is a question of fact, not law and should be left to a jury. The facts pled indicate that Chamberlin was a party to the alleged fraudulent transaction. This pleading is sufficient to raise the claim and survive a motion to dismiss. Therefore, the trial court erred in dismissing this claim. For the reasons discussed above, the first assignment of error is sustained in part and overruled in part.
 {¶ 16} In the third assignment of error, Shaffer claims that the trial court erred in failing to set forth reasons for its dismissals. By failing to set forth reasons for the dismissals, the trial court's judgment does not indicate that all of the claims have been reviewed individually. This court, however, must review the claims de novo. This means that the trial court's reasons, although helpful for review, are not necessary as this court will independently review the matter. This court found no statute or case law requiring the trial court to set forth its reasons for granting a Civ. R. 12(B)(6) motion to dismiss. For this reason, the third assignment of error is overruled. *Page 12 
 {¶ 17} The judgment of the Court of Common Pleas of Union County is affirmed in part and reversed in part. The matter is remanded for further proceedings.
Judgment Affirmed in Part, Reversed in Part, and Caused Remanded.
 SHAW, P.J. and PRESTON, J., concur.
 /jlr *Page 1