OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Mary Dodson appeals the decision of the Muskingum County Court of Common Pleas to grant the motion for summary judgment of Defendants-Appellees, Everett A. Moore and Mary H. Moore.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellees were the owners of a home located in Gratiot, Ohio. The property is in a rural area of Muskingum County, with a creek located on the east edge of the property. When Appellees purchased the home in 2002, the previous owner informed Appellees that during a period of heavy rain, the creek overflowed its banks and water came into the home. On June 16, 2003 after a period of unusually heavy rain, Appellees experienced flooding on the property and into the home. Appellees stated the water had drained off the property by the evening and they suffered no damage to their home.
 {¶ 3} In June 2004, Appellees placed their home on the market and listed their home with Melissa Green of Coldwell Banker. On June 19, 2004, Appellees completed a Residential Property Disclosure Form. The Residential Property Form included the following disclosure:
 {¶ 4} "D) WATER INTRUSION: Do you know of any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space? Yes * * * Creek can overflow in extreme weather conditions, Puddles in yard after excessive rain, but usually goes away after 12-24 hrs." *Page 3 
 {¶ 5} Appellees also completed an attachment to the Residential Property Disclosure Form on August 11, 2004. It stated,
 {¶ 6} "The creek located on the east edge of the property has overflowed and water got into the lower level of the house and into the garage (not cabin) one time since we have lived here (9/30/02). It happened on June 16, 2003 after several days of unusually heavy rainfalls in the area. It was reported to us from former owners that in the 14 years they lived here it had happened on two other occasions."
 {¶ 7} Ms. Green left Coldwell Banker in September 2004 and Appellees' listing was transferred to Donna Brooks. In January 2005, Ms. Brooks took Appellees' listing with her when she left Coldwell Banker and became a real estate agent with HER real estate company. Appellees completed a new Residential Property Disclosure Form on January 9, 2005. The Residential Property Disclosure Form included the following disclosures:
 {¶ 8} "D) WATER INTRUSION: Do you know of any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space? Yes * * * Water came into the lower level in 2003 during extreme heavy rainfall. No damage."
 {¶ 9} "I) FLOOD PLAIN/LAKE ERIE COSTAL EROSION AREA: Is the property located in designated flood plain? Unknown."
 {¶ 10} "J) DRAINAGE/EROSION: Do you know of any current flooding, drainage, settling, or grading or erosion problems affecting the property? Yes * * * During excessive rain numerous puddles accumulated in yard, but drains away in 12-24 hrs. Creek runs along property, can overflow during extreme weather conditions. (6/16/03). *Page 4 
If owner knows of any repairs, modifications, or alterations to the property or other attempts to control any flooding, drainage, settling, grading or erosion problems since owning the property (but not longer than the past 5 years), please describe: State rebuilt bridge over creek in approx. 2001 widening it and allowing more flow for creek."
 {¶ 11} In January 2005, the property flooded again after a period of warm weather and heavy rain. Appellees contacted the Muskingum County Soil and Water Conservation agency for an evaluation of the property to determine if the flooding could be remedied without disturbing the integrity of the property. In February 2005, at the recommendation of Ms. Brooks, Appellees received an estimate for creating an earthen remedy for the flooding in the amount of $9,200.00.
 {¶ 12} After selling her home in March 2005, Appellant began the search for a new home with her real estate agent, Melissa Green. Ms. Green knew of the Appellees' home from her previous relationship with Appellees and recommended the home to Appellant. Appellant viewed the home and the surrounding property on two occasions. Appellant read the January 2005 Residential Property Disclosure Form but asked no questions of Ms. Green. Ms. Green also relayed her previous knowledge of the property and the matter of the creek overflowing to Appellant. Ms. Dodson and Ms. Green discussed the creek and its issues, mentioning that Appellees had received an estimate for excavation that might alleviate the flooding. Ms. Green communicated this to Appellant and Appellant felt she could find a more economical remedy.
 {¶ 13} Appellees listed the price of the home as $229,000.00. Appellant gave an initial offer of $205,000.000. Ms. Brooks recommended that Appellees accept the offer taking into consideration the estimate for the excavation. Ms. Brooks told Ms. Green *Page 5 
that Appellees would accept the offer with the understanding that Appellants would not complete any work on the creek. Ms. Green stated this to Appellant and the parties agreed to the price of the home.
 {¶ 14} Before closing on March 31, 2005, Appellant had a home inspection completed on the property, which raised other matters with the home, but none involving water issues.
 {¶ 15} On May 26, 2005, after another heavy rainfall, water came into the home up from a drain in the kitchen resulting in eight inches of water on the first level of the home. It also came in from the yard. Appellant estimated she suffered over $100,000 in damages to her home.
 {¶ 16} On December 2, 2005, Appellant filed a complaint against Appellees alleging fraud and breach of contract. Appellees filed a motion for summary judgment on March 30, 2007. The trial court granted Appellees' motion for summary judgment on August 17, 2007. Appellant now appeals and raises two Assignments of Error:
 {¶ 17} "I. FLOODING OF THE ENTIRE PARCEL AND BUILDINGS THEREON IS THE LATENT DEFECT APPELLEES FAILED TO DISCLOSE.
 {¶ 18} "II. THE COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT AS REASONABLE MINDS COULD DIFFER AND THE APPELLEE'S (SIC) ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 I., II. {¶ 19} Because Appellant's two Assignments of Error challenge the trial court's decision to grant summary judgment in favor of Appellees, we will consider them together. In her first Assignment of Error, Appellant asserts genuine issues of material *Page 6 
facts exist as to whether the defect was open and obvious and discoverable upon a reasonable inspection and whether Appellees concealed the defect. In her second Assignment of Error, Appellant argues generally the trial court erred by granting Appellees' motion for summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 20} Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 21} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 22} Appellant argues the trial court erred in granting summary judgment in favor of Appellees because there exists a genuine issue of material fact as to whether "water intrusion" disclosed by Appellees accurately depicted the amount of water that came into the home when the creek overflowed its banks on May 26, 2005. Appellant *Page 7 
concedes that Appellees disclosed that the creek overflowed its banks during heavy rains. Appellees also disclosed that water came into the home during heavy rains. However, Appellees did not disclose that the water comes into the home during heavy rains because the creek overflows during heavy rains.
 {¶ 23} Appellant further argues there is a factual distinction between "water intrusion" and "flooding." Appellant states the amount of water that came into her home on May 26, 2005 could not be described as "water intrusion," but only as "flooding." While Appellees disclosed that water came into the home and the creek overflowed, because Appellant could not observe the severity of the flooding for herself upon examination of the property, she argues the flooding was a latent defect of which Appellees did not disclose.
 {¶ 24} Appellant's first cause of action sounds in fraud. An action for fraud may be grounded upon failure to fully disclose facts of a material nature where there exists a duty to speak. Layman v. Binns
(1988), 35 Ohio St.3d 176, 177. The Ohio Supreme Court has held that a vendor has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection. Layman, supra. In order to maintain an action for fraud, five elements must exist: 1) a false representation; 2) knowledge of the falsity on the part of the person making the representation; 3) intent to mislead another in relying upon the representation; 4) reliance and 5) injury. Prosser v. Lutz, 5th Dist. No. 07CA73,2008-Ohio-845, at ¶ 11 citing Schwartz v. Capital Savings and LoanCo. (1978), 56 Ohio App.2d 83.
 {¶ 25} Upon review of the record and assuming the defect in question can be classified as latent, no genuine issues of material fact remain as to fraud. We find *Page 8 
Appellees disclosed the defects to Appellant. As stated above, Appellees made the following disclosures in the January 2005 Residential Property Disclosure Form:
 {¶ 26} "Water came into the lower level in 2003 during extreme heavy rainfall. No damage. * * * During excessive rain numerous puddles accumulated in yard, but drains away in 12-24 hrs. Creek runs along property, can overflow during extreme weather conditions. (6/16/03). * * * State rebuilt bridge over creek in approx. 2001 widening it and allowing more flow for creek."
 {¶ 27} Appellant's real estate agent was the prior real estate agent for Appellants in the sale of this specific property. Ms. Green stated in her deposition that she informed Appellant of her previous knowledge of the flooding on the property. Ms. Brooks stated in her deposition that she spoke to Ms. Green about the flooding on the property.
 {¶ 28} Appellant toured the property twice before deciding to purchase the property. Appellant testifies in her deposition that she was made aware of the flooding, but did not ask questions of the Residential Property Disclosure Form. As has been held in Tipton v. Nuzum (1992),84 Ohio App.3d 33, 38, "[u]nder certain circumstances, a reasonably prudent person should be put on notice of a possible defect which necessitates either further inquiry of the owner or inspection by someone with more expertise."
 {¶ 29} Appellant argues the difference between the use of the words "water intrusion" and "flooding" amounts to fraud, but in light of the Civ. R. 56 evidence presented, we cannot find the descriptive differences in word choice amount to fraud on the part of Appellees. *Page 9 
 {¶ 30} Appellees also moved for summary judgment on Appellant's claim of breach of contract. In order to present a claim for breach of contract, Appellee must present evidence on several elements. Those elements include the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.Doner v. Snapp (1994), 98 Ohio App.3d 597, 649 N.E.2d 42. Supported by our analysis above, reasonable minds can only come to one conclusion that there was no breach by Appellees.
 {¶ 31} Appellant's first and second Assignments of Error are overruled. The judgment of the Muskingum County Court of Common Pleas is affirmed.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1